John Thomas DAVIS, Respondent,

v.

Ruby Virginia DAVIS, Appellant.

No. 49061.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1985.

Prudence L. Fink, Union, for appellant.

Daryl K. Hartley, Union, for respondent.

REINHARD, Chief Judge.

The marriage of the parties was dissolved in 1975. Wife filed a motion to modify the decree seeking an increase in maintenance, plus attorney's fees for prosecuting the motion. Husband moved to dismiss, claiming the maintenance provisions are contractual and not modifiable by the court. The trial court sustained the motion, and wife appeals.

After a twenty-year marriage, the parties entered into a separation agreement on November 24, 1975. In Paragraph I of the agreement, husband agreed to pay "as maintenance, support and alimony the amount of $435.00 per month." Paragraph IV provided: "The parties hereto agree that all of the terms herein recited shall be included in the Decree of Dissolution...." Paragraph V provided that "Wife ... agrees that husband is fully and finally released and discharged from any and all claims, demands, and marital and statutory rights on the part of the wife against him and his property, save and except those herein set forth to be performed by the husband."

In Paragraph VII, entitled *Contract*, the parties agreed to the following:

A. The provisions of this agreement shall be construed under the laws of the State of Missouri. Each party acknowledges that he and she has had the advice of an attorney at law in connection with this agreement and fully understands same.

B. The consideration herein is contractual and not a mere recital of the entire understanding of the parties. Each party has read and fully understands this agreement and that there are no representations, warranties, covenants or undertakings other than those expressly set forth herein.

C. In the event no dissolution of marriage is obtained, this agreement is to be inoperative and void.

D. *A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formalities as this agreement....* (emphasis added)

E. All warranties, covenants, and provisions of this agreement shall survive the granting of a Decree of Dissolution if one is granted, and remain enforceable under general contract law.

On the same date, the trial court entered a decree of dissolution which incorporated the agreement. The decree specifically provided that "the terms of the Separation Agreement settling the property rights herein are not unconscionable and is [sic] ordered to be made a part of this Decree." After setting out the entire agreement in the decree, the trial court concluded with the following:

WHEREFORE, it is ordered, adjudged and decreed by the Court that the marriage ... is hereby dissolved; that the parties perform the terms of their written Separation Agreement above.... It is further ordered that petitioner [husband] ... shall pay to respondent [wife] ... the sum of $435.00 per month as maintenance until further order of this Court.

On May 2, 1984, wife filed a motion to modify the decree by increasing mainte-

nance. In sustaining the husband's motion to dismiss, the trial court found that the award of maintenance was contractual and not decretal, and thus not modifiable by the court. The court stated: "The intent of the parties is clear from the agreement and the usage of the words 'until further order of this court' in the decree is not sufficient to overcome this clear expression of the agreement of the parties."

Wife appeals this order, claiming the trial court erred in holding the maintenance award to be contractual and nonmodifiable. She contends that because the agreement was incorporated into the decree and because the trial court did not limit or preclude modification, the maintenance award is decretal and modifiable as a matter of law.

■ Wife relies on *Craver v. Craver*, 649 S.W.2d 440 (Mo. banc 1983), for the proposition that when an agreement is incorporated into a decree, it becomes decretal and not contractual. In *Craver*, our Supreme Court stated in dictum, "The Dissolution of Marriage Act has not eliminated contractual arrangements, but absent an expressed intent to the contrary any such agreement, as long as it is not unconscionable, is incorporated into the judgment and becomes decretal." 649 S.W.2d at 444 (Citing *Haggard*, 585 S.W.2d 480 (Mo. banc 1979)). Wife is correct in her assertion that the maintenance award here is not contractual, as the trial court stated in its ruling. However, even though the court may have mischaracterized the award, we will not reverse if the correct result was reached. *Lalumondier v. County Court of St. Francois County*, 588 S.W.2d 197 (Mo.App.1979).

Prior to 1974, an award of maintenance (then called alimony) was either contractual or decretal. Decretal alimony was always modifiable, while the modifiability of contractual alimony was determined by the contract itself. *In re Marriage of Haggard*, 585 S.W.2d 480, 481 (Mo. banc 1979). *Craver* dealt with a pre-1974 dissolution.

■ Dissolution decrees granted after January 1, 1974, are governed by the Dissolution of Marriage Act, §§ 452.300–452.-415 RSMo. 1978.[1] Under the act, there are three types of maintenance awards: (1) a private contractual maintenance provision in a separation agreement approved by the court but not set out in the dissolution decree at the express request of the parties (similar to the former contractual alimony); (2) a maintenance provision of a separation agreement which is set out in the dissolution decree (a new hybrid of the former contractual and decretal types); and (3) a maintenance award granted by the court in the absence of a separation agreement (similar to the former decretal alimony). Section 452.325; *In re Marriage of Haggard*, 585 S.W.2d 480, 482 (Mo. banc 1979). The first type has been termed "contractual maintenance"; the second "separation agreement decretal maintenance"; and the third "decretal maintenance." *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981). The maintenance provision here is of the second type, separation agreement decretal maintenance, since the parties did not expressly exclude their agreement from the decree. *Id; see also Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980). In discussing this type of maintenance award, our Supreme Court stated: "This would seem to correspond, at least in part, to the former decretal alimony. The correspondence would not be complete because court modification of the maintenance agreement is a matter to be separately determined by the parties, § 452.325.6...." *Haggard*, 585 S.W.2d 480, 482 (Mo. banc 1979). Section 452.325.6 specifically authorized the trial court to incorporate a separation agreement into the decree but also to expressly preclude modification of maintenance if the agreement so provides.

■ This court addressed the issue in *Bryson v. Bryson*, 624 S.W.2d 92, 95 (Mo. App.1981). There we held that separation agreement decretal maintenance is modifi-

---

1. All statutory references are to RSMo.1978.

able unless the parties specifically agree to preclude or limit modification.

In *Brucker v. Brucker,* 611 S.W.2d 293 (Mo.App.1980), ·we faced a situation in which the separation agreement had been incorporated into the decree, but the agreement did not preclude modification of maintenance. In holding that maintenance was modifiable in that case, we stated:

> If the parties had wanted to prevent modification of the decree they should have incorporated an express statement to that effect in their separation agreement which in turn would have been incorporated into the decree. The parties' failure to express a statement preventing modification gave the court jurisdiction to proceed on the motion to modify.

611 S.W.2d at 296.

Here, the parties did exactly what was prescribed in *Brucker.* The trial court incorporated into the decree a separation agreement which clearly precluded modification of maintenance. The court expressly found that the agreement was "not unconscionable" and ordered the parties to perform the terms of the agreement. As such, the nonmodifiability clause became part of the decree under § 452.325.6. Wife contends the trial court's words "until further order of this Court" in the closing paragraph of the decree indicate the trial court maintained jurisdiction to modify maintenance. However, from the decree as a whole, including the court's introductory paragraphs and the agreement itself, there is no doubt that the court and attorneys were aware of the contents of the agreement. *Cf. Medlicott v. Medlicott,* 617 S.W.2d 576, 580 (Mo.App.1981). Under Brucker *& Bryson, supra,* we find that when the parties expressly agree to preclude modification of maintenance and the court incorporates that agreement into the decree, the agreement is binding on the court. The case was properly dismissed. Affirmed.

DOWD and CRANDALL, JJ., concur.