**James Raymond PEASLEE, Petitioner/Respondent,**

**v.**

**Sherry Ellen PEASLEE, a/k/a Sherry Peaslee Boland, Respondent/Appellant.**

**No. 62089.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 29, 1992.

Allen F. Stewart, Braun, Stewart & Anderson, P.C., Clayton, for respondent/appellant.

Charles H. Billings, Mary P. Schroeder, St. Louis, for petitioner/respondent.

REINHARD, Judge.

Former wife [1] appeals entry of summary judgment in favor of former husband on

---

1. In the parties' briefs, former wife is referred to as "Appellant" and "Respondent"; former husband is alternatively designated as "Respon- dent", "Petitioner", and "Movant". Because of the confusion involved in the inconsistent use of such varied terminology, we encourage counsel

his motion to modify the maintenance provisions of their decree of dissolution. We affirm in part and reverse in part.

The parties were married on March 16, 1963. A decree of dissolution was entered on January 23, 1987. The decree ordered the dissolution of the marriage, fixed child custody and visitation rights, awarded child support and maintenance, and undertook to divide the couple's property. The decree stated:

> It is further ordered, adjudged and decreed by the Court ... that said [wife] have and recover of said [husband] the ... sum of $300.00 per month as and for statutory maintenance; as and for further maintenance and support of [wife], [husband] agrees to assign, transfer and set over unto [wife] one-half of the gross amount of his Air Force Military Retirement Pay and to forthwith execute such documents as may be necessary to accomplish such; there is no liability to continue payments of maintenance after the death of the recipient and no liability to make substituted payments after the death of the recipient....

A document entitled "Property Settlement and Separation Agreement" was signed by husband and wife and incorporated into the decree. The body of this document was divided into three sections, under the headings "Child Custody and Child Support," "Maintenance," and "Distribution of Marital and Separate Property." The agreement stated, in pertinent part:

*MAINTENANCE*

7. Husband agrees to pay to Wife the sum of Three Hundred Dollars ($300.00) per month as and for statutory maintenance.

8. As and for further maintenance and support of Wife, Husband agrees to assign, transfer and set over unto Wife one-half (½) of the gross amount of his Air Force Military Retirement Pay and to forthwith execute such documents as may be necessary to accomplish such.

\* \* \* \* \* \*

DISTRIBUTION OF MARITAL AND
SEPARATE PROPERTY

\* \* \* \* \* \*

16. The terms of this agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties, except as specifically set forth herein. It is understood that this provision is not applicable to the terms dealing with child custody, visitation, support, and statutory maintenance, and the parties recognize that the provisions relating thereto are subject to the approval of the Court and may be modified by this court regardless of this paragraph.

\* \* \* \* \* \*

19. It is the intent of the parties that the terms of this agreement be incorporated and fully set forth in this Decree of Dissolution of Marriage entered into by the Court.

20. Except as herein otherwise specifically provided, each of the parties releases and discharges the other from all rights and claim in and to the property, estate and interest of the other party hereto, in real or personal property, wherever situated, which each now has, possesses or hereafter may or might acquire against the other party, including, but not limited to, marital, homestead, dower and courtesy rights of every kind, nature or description, all widow's or widower's allowances or rights, statutory or otherwise, and all rights of inheritance and all statutory rights and all other rights which either of them now or hereafter may have in and to presently owned or hereafter acquired property of the other under the laws of the State of Missouri.

\* \* \* \* \* \*

23. The parties agree that pursuant to this agreement, they are disposing of all their marital property, or they acknowledge that they have heretofore divided or disposed of their marital proper-

---

to consistently use the designations "Husband" and "Wife" or "Father" and "Mother", where

appropriate, when writing briefs in dissolution and parental rights cases.

ty not otherwise specifically referred to herein.

Husband's military pension plan, mentioned in paragraph 8, was not expressly distributed as separate or marital property.

On September 22, 1990, wife remarried. On October 19, 1990, husband filed a motion to modify the decree, seeking termination of the maintenance payments listed in paragraphs 7 and 8 of the separation agreement. Wife filed a motion for dismissal or, in the alternative, summary judgment; husband moved for summary judgment. On April 24, 1992, the court sustained husband's motion for summary judgment and denied wife's motions. Wife appeals from this order.

In her sole point on appeal, wife contends:

> The trial court erred in granting [husband]'s motion and denying [wife]'s motion for summary judgment in that the original award to [wife] of a portion of [husband]'s Air Force military retirement pay was a distribution of property and under the terms of section 452.330(5) R.S.Mo.1991 is not modifiable.[2]

Husband argues in his brief that:

> The trial court did not err in granting [husband]'s motion and denying [wife]'s motion for summary judgment in that the parties agreed to the terms of the separation agreement which provided that the one half of the pension was maintenance and this agreement is binding.

██ The Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 (1983), expressly provides that a court may treat military retirement pay "either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C.A. § 1408(c)(1) (1983).[3]

In *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982), our supreme court held that "many potential pension benefits have been and will be created by the *joint* efforts of both spouses and may be treated as 'marital property.'" *Kuchta*, 636 S.W.2d at 665 (emphasis original). Furthermore, Missouri statutes provide that once the division of marital property becomes final it is not subject to modification. §§ 452.330.4, .360.2, RSMo 1986.[4]

In our decision in *Starrett v. Starrett*, 703 S.W.2d 544 (Mo.App.1985), we held, on direct appeal, that a trial court's award to wife of one-half of husband's military retirement pension as periodic maintenance was in error, vacated the decretal language of that award, and amended the decree to distribute one-half of the pension to wife as marital property.

Thus, wife is correct in her assertion that a military pension is appropriately treated as property rather than maintenance. Husband does not dispute this. However, in the case at bar, the parties, subsequent to our decision in *Starrett*, entered into a separation agreement wherein they agreed that one-half of husband's military pension would be awarded as maintenance. This agreement was approved by the court as not unconscionable and incorporated into its decree. The decree subsequently became final and no appeal was taken. There has been no allegation by either party that the agreement was obtained by fraud or mistake. Thus, although the classification of the pension plan as maintenance was improper, no appeal was taken, and the parties are bound by the terms of their agreement, as they intended to be. *See, Degerinis v. Degerinis*, 724 S.W.2d 717 (Mo.App.1987).

██ We must now examine the dissolution decree and separation agreement to determine the rights of the parties. In *Davis v. Davis*, 687 S.W.2d 699 (Mo.App.

---

2. Wife does not dispute the propriety of the termination of the statutory maintenance payments awarded in paragraph 7.

3. Although 10 U.S.C.A. § 1408(c)(1) was subsequently amended in 1990, the amendment is not pertinent to our discussion.

4. Section 452.330 was subsequently amended in 1988; the cited provision is now found in subdivision 5 of that statute.

1985), we delineated the three types of maintenance awards: (1) "contractual maintenance", a private contractual maintenance provision in a separation agreement approved by the court but not incorporated into the dissolution decree at the express request of the parties; (2) "separation agreement decretal maintenance", a maintenance provision of a separation agreement which is incorporated into the dissolution decree; and (3) "decretal maintenance", a maintenance award granted by the court in the absence of a separation agreement. *Davis*, 687 S.W.2d at 701.

Here we are confronted with the second type, separation agreement decretal maintenance. In their separation agreement, the parties provided that wife would receive three hundred dollars per month "as and for statutory maintenance" and one-half of husband's military retirement pension "[a]s and for further maintenance and support of Wife". The separation agreement further provided that "[t]he terms of this agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties, except as specifically set forth herein. It is understood that this provision is not applicable to the terms dealing with child custody, visitation, support, and statutory maintenance...."

Section 452.325.6, RSMo 1986, provides that "[e]xcept for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." Here, the parties agreed that a portion of the maintenance award (paragraph 7) would be statutory and thus modifiable, and that a portion of the maintenance award (paragraph 8) would not be subject to modification. "[W]hen the parties expressly agree to preclude modification of maintenance and the court incorporates that agreement into the decree, the agreement is binding on the court." *Davis*, 687 S.W.2d at 702. The trial court's termination of the award of statutory maintenance found in paragraph 7 was authorized by the separation agreement and was proper. However, modification of the maintenance provisions of paragraph 8, regarding husband's military pension benefits, was expressly precluded under the terms of the separation agreement.

Accordingly, that part of the trial court's order terminating the award of statutory maintenance is affirmed and that part terminating the award of one-half of husband's military pension benefits is reversed.

AHRENS, P.J., and CRIST, J., concur.