**Patricia SHAVER, Petitioner/Respondent,**

v.

**John D. SHAVER, Respondent/Appellant.**

No. 68264.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

Bruce F. Hilton, Julie K. Morian, Eisen, Gillespie & Hilton, Webster Groves, for appellant.

Daniel P. Card II, Paule, Camazine & Blumenthal, P.C., St. Louis, for respondent.

REINHARD, Presiding Judge.

Husband appeals from the trial court's order dismissing his motion to modify the maintenance provisions of a July 17, 1986 dissolution decree. We affirm.

The marriage of husband and wife was dissolved on July 17, 1986. The separation agreement, incorporated into the dissolution decree, contained the following provisions for maintenance:

> HUSBAND shall pay to WIFE as and for contractual maintenance the sum of $3,000 per month for a period of ten (10) years. If WIFE shall remarry during the ten (10) year period, then said amount will reduce to $1,500 per month for the balance of the ten (10) year period from the date of her marriage. If the second marriage shall fail within three (3) years of the date of the second marriage, ... HUSBAND agrees to increase the amount of maintenance back to $3,000 per month as contractually agreed to for the balance of the ten (10) year period....

> If HUSBAND's income should, for any reason, be reduced, HUSBAND's obligation shall be reduced....

The separation agreement further provided:

> The terms of this Agreement shall not be subject to modification or change, regardless of the relative circumstances of the parties, except as specifically set forth in the Agreement. It is understood that this provision is not applicable to the terms of the Agreement dealing with child custody, visitation and support....

On October 11, 1994, husband filed a motion to modify the maintenance provisions of the dissolution decree and alleged that wife had failed to seek employment and received financial support from a man with whom she cohabited. Wife filed a motion to dismiss the motion to modify and asserted several grounds, including failure to state a claim upon which relief could be granted. On March 30, 1995, the court granted wife's motion and dismissed husband's motion to modify but failed to state a basis for the dismissal.

On appeal, husband asserts the court erred in dismissing his motion to modify because he sufficiently alleged facts which would justify modification of his maintenance obligations.

Where a trial court fails to state a basis for its dismissal, we presume the dismissal is based on the grounds stated in the motion to dismiss. *Berkowski v. St. Louis County Board of Election Commissioners,* 854 S.W.2d 819, 823 (Mo.App.E.D.1993). We must affirm if the dismissal can be sustained on any ground supported by the motion to dismiss. *Id.*

Here, we do not review the case on the merits; rather, we must determine whether husband's pleading was sufficient to withstand a motion to dismiss. In assessing the sufficiency of the motion to modify, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the motion is accorded all reasonable inferences fairly deductible from the facts stated. *Id.*

There are three types of maintenance: 1) decretal maintenance ordered by the court; 2) private contractual maintenance agreed to by the parties but not incorporated into the dissolution decree; and 3) separation agreement decretal maintenance agreed to by the parties and incorporated into the decree. *Peaslee v. Peaslee,* 844 S.W.2d 569, 572 (Mo.App.E.D.1992). In order to create contractual maintenance, the parties must expressly agree that the maintenance terms are not to be incorporated into the dissolu-

tion decree. *Perkinson v. Perkinson*, 869 S.W.2d 170, 172 (Mo.App.E.D.1993).

■ Although the separation agreement here labels the maintenance contractual, the dissolution decree clearly states:

It is further ordered, adjudged and decreed that the parties perform the terms of their separation agreement attached hereto, incorporated herein, and made a part of this decree[.]

Because the parties failed to expressly state that the maintenance provisions were not incorporated into the decree, we conclude the maintenance is separation agreement decretal maintenance.

This case is similar to *Peaslee v. Peaslee*, 844 S.W.2d 569 (Mo.App.E.D.1992), in which the separation agreement, including its maintenance provisions, was incorporated into the dissolution decree. We concluded that the *Peaslee* maintenance was separation agreement decretal maintenance. *Id.* at 572.

However, in contrast to the separation agreement here, the *Peaslee* separation agreement created two distinct classes of maintenance. One class, labelled "statutory maintenance," contained a $300.00 monthly payment, and the non-modification provision of the *Peaslee* agreement provided that the terms dealing with "statutory maintenance . . . may be modified by [the] court regardless of this [non-modification provision]." *Id.* at 570. The other class, labelled "further maintenance," contained one-half of husband's military pension and was subject to the non-modification provision of the agreement. *Id.*

On Ms. Peaslee's appeal from the court's order granting summary judgment on Mr. Peaslee's motion to modify both classes of maintenance, we held that the court properly modified the $300.00 monthly maintenance because the parties expressly agreed that "statutory" maintenance was modifiable. *Id.* at 572. However, we further concluded that the trial court erred in modifying the military pension maintenance because modification of that class of maintenance "was expressly precluded under the terms of the separation

agreement." *Id.* Quoting *Davis v. Davis*, 687 S.W.2d 699, 702 (Mo.App.1985), we stated that "when the parties expressly agree to preclude modification of maintenance and the court incorporates that agreement into the decree, the agreement is binding on the court." *Id.*

■ Here, the parties expressly precluded modification of maintenance except upon the remarriage of wife or a reduction of husband's income. Although husband's motion to modify failed to allege either of these grounds, he argues that wife's cohabitation is sufficiently comparable to remarriage to justify modification under the terms of the agreement. Husband cites several cases in which Missouri courts reasoned that a permanent cohabitation relationship may be a substitute for remarriage and justify modification or termination of maintenance. *See Herzog v. Herzog*, 761 S.W.2d 267 (Mo.App. 1988); *Weston v. Weston*, 882 S.W.2d 337 (Mo.App.S.D.1994); *Butts v. Butts*, 906 S.W.2d 859 (Mo.App.S.D.1995). However, husband's argument fails because none of those cases involved a separation agreement containing a provision that the maintenance was modifiable only upon the occurrence of specific conditions, such as remarriage. The agreement here clearly did not provide for maintenance modification upon wife's cohabitation with another person, and "the parties are bound by the terms of their agreement, as they intended to be." *Peaslee*, 844 S.W.2d at 571. Thus, the trial court did not err in dismissing husband's motion to modify for failure to state a claim upon which relief could be granted.

Judgment affirmed.

KAROHL and DOWD, JJ., concur.