Joyce Lorraine PAYNTON,
Petitioner/Respondent,

v.

Jan Hayden PAYNTON,
Respondent/Appellant.

No. 66957.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1996.

W. Scott Pollard, Florissant, for Appellant.

Lynn Ricci, St. Louis, for Respondent.

KAROHL, Judge.

Jan Paynton (Husband) appeals from a judgment denying his motion to modify a decree of dissolution. We affirm.

The court dissolved the parties' thirty-year marriage on February 23, 1989. Prior to the dissolution, Husband and his wife, Joyce Paynton (Wife) entered into a separation agreement. The agreement provided maintenance to Wife. The portions in dispute relating to Wife's maintenance are as follows:

C. *MAINTENANCE*

[Husband] shall pay to [Wife] the sum of Thirty One Thousand Two Hundred Dollars a year for the next seven (7) years. After that, [Husband] shall pay $20,000.00 per year until his retirement[.] *If and when* [Wife] receives full employment, [Husband] shall pay Fifteen Thousand ($15,000.00) a year maintenance thereafter. [Husband] shall be responsible for any income tax liability of [Wife] and shall pay same. [Husband] shall be responsible for [Wife's] tuition until a bachelor's degree has been obtained. [Wife] shall be responsible for all books and expenses pertaining to school.

\*     \*     \*     \*     \*     \*

Both parties hereby declare that in this Agreement they have disposed of all their property and they hereby agree that this Agreement shall be incorporated into the Decree of Dissolution of the Marriage, and this Agreement shall be binding on the respective executors, administrators, heirs and assigns of the parties hereto. The

Parties agree to execute any and all documents necessary to carry out the terms and provisions of this Agreement within a reasonable time. *Only the provisions in regard to child custody and child support shall be subject to modification by the Parties in the future.* (Our emphasis).

The separation agreement also called for the marital home located at 940 N. Sappington Road to remain jointly owned by the parties. Husband was responsible for property taxes, one-half of the maintenance, and one-half of the repairs to the property. The separation agreement mentioned a second residence (Villa Ridge) to be jointly owned by the parties.

The court dissolved the marriage. The decree incorporated the terms of the separation agreement. Subsequently, Husband failed to maintain, repair and pay taxes on the 940 N. Sappington Road property. As a result, Wife filed a motion for contempt against Husband. On January 8, 1993, the parties entered a Consent Agreement and the court entered an order requiring Wife quit-claim her interest in the Sappington Road property to Husband, and Husband quit-claim his interest in the Villa Ridge property to Wife. The order further stated "[Wife and Husband] agree each does not have any claim against the other for monies due or performance to be made under paragraph D. [the marital and separate property section] of the Separation Agreement, such claims are hereby released and satisfied." "Paragraph D" of the separation agreement pertaining to marital and separate property addressed the maintenance, repair and property taxes on the family residences, furnishings, automobiles, and separate personal property of the parties. "Paragraph D" also included a provision whereby Husband would pay Wife a portion of his retirement benefits. It reads as follows:

D. MARITAL AND SEPARATE PROPERTY

\* \* \* \* \* \*

11. [Wife] is to receive ½ of the retirement benefits from Saint Louis County and the United States Army Reserves upon [Husband's] retirement and he will pay these benefits to her from his pay.

Husband retired and received retirement benefits beginning May 1992. He refused to pay Wife any of the benefits pursuant to the agreement and decree. Wife filed a motion to enforce the judgment. On September 17, 1993, the trial court ordered Husband to pay one-half of his retirement benefits to Wife. This order was never appealed.

On December 29, 1993, Wife filed a motion to amend, by interlineation, the Consent Agreement entered January 8, 1993, to specify that that order pertained only to money owed in relation to the marital home and made no reference nor did it affect the retirement division made in the dissolution decree. She also attached an affidavit claiming she never waived her right to Husband's retirement benefits.

Husband responded by filing a motion to modify the decree. The trial court denied his motion. It found: (1) the dissolution decree provisions relating to maintenance were not modifiable; (2) Husband was receiving retirement benefits; and, (3) the January 8, 1993 order did not release Husband of his judgment obligation to pay Wife one-half of his retirement benefits. This appeal ensued.

Husband asserts three points. First, he contends the provisions in the decree relating to maintenance are modifiable. We find they were contractual and not modifiable.

■ We will reverse a judgment on a motion to modify a dissolution decree only when it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Schoolcraft v. Schoolcraft*, 869 S.W.2d 907, 909 (Mo.App.E.D.1994). There are three types of maintenance: (1) decretal maintenance ordered by the court; (2) contractual maintenance, created by the parties, but not incorporated into the decree; and (3) separation agreement decretal maintenance, agreed to by the parties and incorporated into the decree. *Davis v. Davis*, 687 S.W.2d 699, 701 (Mo.App.1985). The primary difference between the three is the remedies available for enforcing the judgment.

■ Here, the maintenance provision is of the third type. Section 452.325 RSMo1994 authorizes the trial court to incorporate the separation agreement into the decree, as long as it is not unconscionable. "Separation agreement decretal maintenance" is modifiable, unless the parties specifically agree to preclude or limit modification. Section 452.325.6 RSMo1994; *Davis*, 687 S.W.2d at 701.

■ Although the language in the agreement does not expressly refer to maintenance, it addresses the agreement as a whole. *See Davis*, 687 S.W.2d at 702; *See Stanton v. Abbey*, 874 S.W.2d 493, 500 (Mo. App.E.D.1994). Additionally, when the language is read with § 452.325.6 RSMo1994, only terms concerning child support, custody and visitation are subject to modification. The parties agreed in the dissolution separation agreement that the terms of the agreement were to be incorporated into the decree. They indirectly, but certainly agreed to preclude modification of maintenance by stating only child custody and support provisions would be modifiable. The court found the agreement conscionable and incorporated it into the decree. The language in the modification clause is clear, although indirect, that maintenance is not subject to "future" modification. We find the provisions relating to maintenance became non-modifiable under the decree pursuant to the parties' agreement and § 452.325.6 RSMo1994. Therefore, the agreement is binding and not modifiable by the court. Nor was the settlement of Wife's motion for contempt a modification of their agreement or the decree provisions for maintenance.

■ Second, Husband argues, in the alternative, the January 8, 1993 consent order relieved him of his obligation to pay one-half of his retirement benefits to Wife because it constituted a release. "Paragraph D" of the separation agreement also provided for division and distribution of Husband's retirement benefits. In considering Husband's motion to modify, the trial court specifically

found his retirement benefits were not part of the contempt negotiations nor were they consideration for the January 8, 1993 contempt settlement.

Husband did not raise this point in accordance with Rule 81.04. The September 17, 1993 order clarified the language set out in the January 8, 1993 contempt order with regard to Husband's retirement benefits. Husband failed to appeal the issues raised in the September 17, 1993 order when they were decided and appealable. Further, the issues in the January 8, 1993 order only resolved the issues specifically raised in Wife's motion for contempt. The motion for contempt addressed Husband's failure to maintain, repair and pay taxes on the 940 N. Sappington Road property. Wife's motion made no mention of the retirement benefits. Wife testified she never waived her agreement and judgment right to share Husband's retirement benefits. The court did not "release" Husband of his obligation to pay Wife one-half of his retirement benefits. Moreover, division of marital property including retirement benefits is not modifiable. The court has no authority to alter Wife's judgment rights to share Husband's retirement benefits. We find the trial court did not err.

■ Third, Husband contends the trial court erred in refusing to reduce maintenance because Wife had a duty to seek employment upon obtaining a bachelor degree in psychology. Wife testified she obtained her degree May, 1992, and returned to school to get a master degree. She expected to complete her master program May, 1995, and considered possibly returning to school to obtain a doctorate, which could take an additional two years.

Husband's point is without merit. The court has no authority to reduce maintenance because it is not modifiable on the facts. The maintenance provision of the separation agreement, incorporated into the decree, states "[i]f and when [wife] receives full employment...."[1] The parties agreed that Wife obtaining full-time employment consti-

---

1. The decree adopted the agreement which was "if and when," but the court decreed "when [wife is] fully employed...." The decree omitted the words "if and...." We find the omis-

sion did not substantially change the agreement nor did it make the decree modifiable for maintenance.

tutes an event that may or may not take place until she has completed her education. Thus, the court did not err in refusing to reduce Wife's maintenance.

Wife's motion for damages for frivolous appeal is denied. The judgment is affirmed.

REINHARD, P.J., and DOWD, J., concur.