**David McARTHUR, Appellant,**

v.

**Ashley McARTHUR, et al., Respondents.**

**No. 72864.**

Missouri Court of Appeals,
Eastern District,
Hillsboro Division.

Dec. 8, 1998.

Alan W. Cohen, Clayton, for appellant.

Mary J. Lake, Mary J. Lake, L.C., Hillsboro, for respondents.

JAMES R. DOWD, Judge.

David McArthur ("Father") appeals from the Judgment and Decree of Modification entered upon his Motion to Modify Order of Child Support and Custody. We reverse and remand with directions.

On November 10, 1991, David McArthur was declared the natural and biological father of Ashley McArthur. Sheila Trent Thomure ("Mother") and Father entered into a Stipulation and Agreement that provided for a specific plan of joint custody, support, and maintenance for Ashley. The Stipulation and Agreement was incorporated by the trial court into an Order of Child Support and Custody dated April 15, 1993. On June 24, 1996, the Department of Social Services filed a Motion for Modification of the existing support order. A hearing was held on the matter and Father's child support was increased from $40.00 per week to $446.00 per month.

On July 3, 1996, Father filed a Motion to Modify Order of Child Support and Custody. On November 5, 1996, Father filed a Motion to Appoint Guardian Ad Litem. On January 27, 1997, the court held a hearing and denied Father's Motion to Appoint Guardian Ad Li-

tem. Father amended his Motion to Modify on January 29, 1997. Father added, among other things, more specific allegations regarding Mother's care of Ashley and noted that it was in the child's best interest that a guardian ad litem be appointed. On March 9, 1997, Father renewed his Motion to Appoint Guardian Ad Litem and the trial court again denied the motion. The matter proceeded to trial and was taken under submission.

On April 9, 1997, the court entered a Judgment and Decree of Modification. The court awarded primary custody to Mother with temporary custody and visitation on a reasonable basis to Father. The court also ordered Father to pay $462.25 per month for child support and to provide medical, dental, and hospitalization insurance for Ashley. Father appeals from the judgment.

■ We will affirm the trial court's judgment and order of modification if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Paynton v. Paynton*, 914 S.W.2d 63, 65 (Mo.App. E.D.1996).

■ Father raises one issue on appeal. Father contends that the trial court erred in failing to appoint a guardian ad litem for Ashley because he had set forth allegations of abuse or neglect in his pleadings. We agree. We find that Father's pleading alleged neglect sufficient to mandate the appointment of a guardian ad litem for Ashley.

Section 452.423.1 RSMo [1] provides:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

The term neglect is not defined in chapter 452. However, we are guided by the definition in chapter 210, the chapter governing child protection and reformation. *Renfro v. Fehrmann*, 817 S.W.2d 592, 594 (Mo.App.

W.D.1991). Neglect is defined as "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being." Sec. 210.110.8.

Here, Father alleges the following:

5.

. . . .

    a. [Mother] has been unable to provide a stable and secure residence for the minor child, and for a substantial period of time resided in a camper with no electricity or running water.

    b. [Mother] has failed to provide necessary medical treatment for the child, and the child has repeatedly been diagnosed with body lice.

    c. [Mother] has failed to provide adequate care, custody and control for the minor child, and the child has been left alone for significant periods of time.

. . . .

8. It is in the best interests of the minor child that a guardian ad litem be appointed to represent the minor child in this matter.

■ Neglect has not been narrowly defined. *Frazier v. Frazier*, 845 S.W.2d 130, 132 (Mo.App. W.D.1993). Allegations similar to those made by Father in his pleadings have been found sufficient to mandate appointment of a guardian ad litem. *See, e.g., Johnson v. Johnson*, 812 S.W.2d 176, 177 (Mo.App. W.D.1991) (finding allegation that mother "neglected the physical and mental health of the minor child by allowing the child to be frequently ill" was sufficient to compel the appointment of a guardian ad litem); *Hough v. Hough*, 794 S.W.2d 252, 253 (Mo.App. W.D.1990) (concluding allegation that mother "neglects the health of the minor children and has endangered the health of the minor children by encouraging and permitting irresponsible use of medications" was sufficient to compel the appointment of a guardian ad litem). Furthermore, it is the allegation of neglect, not proof of the same, which requires the appointment of a guard-

---

1. All statutory references are to RSMo 1994 un-    less otherwise noted.

ian ad litem for the minor child. *See State ex rel. Scott v. Goeke,* 864 S.W.2d 411, 414 n. 2 (Mo.App. E.D.1993).

Father's pleading sufficiently alleges neglect so as to mandate the appointment of a guardian ad litem for Ashley.[2] Accordingly, the trial court erred by failing to appoint a guardian ad litem to represent Ashley's interests.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion. The trial court is directed to appoint a guardian ad litem for Ashley.

GARY M. GAERTNER, P.J. and MARY K. HOFF, J., concur.

**2.** The court has discretion to assess guardian ad litem fees against any party to the proceeding, or against the party who was ordered to pay the costs of the action. Sec.452.423.4. When ordering the payment of such fees, the court may consider the circumstances which necessitated

the appointment. *Lindell v. Coen,* 896 S.W.2d 525, 529 (Mo.App. W.D.1995) (finding the court did not abuse its discretion when it ordered fees to be paid by party whose unfounded claims of abuse and neglect caused the court to appoint a guardian ad litem).