2010 Ark. App. 694

**Tracie Lynn SNIDER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–385.**

Court of Appeals of Arkansas.

Oct. 20, 2010.

Raymond Timothy Starken, Cherokee Village, for appellant.

Dustin McDaniel, Atty. Gen., Kent G. Holt, Asst. Atty. Gen., Little Rock, for appellee.

RAYMOND R. ABRAMSON, Judge.

A Jackson County jury convicted Tracie Lynn Snider of aggravated robbery and two counts of kidnapping. She was sentenced as an habitual offender to a total

of forty years in the Arkansas Department of Correction—twenty years for the aggravated robbery and ten years for each kidnapping conviction, all to be served consecutively. She appeals those convictions, claiming that the trial court erred in denying her directed-verdict motions. We affirm.

On January 16, 2009, three people robbed the Old River Package Store in Elgin, Arkansas. At approximately 10:30 p.m. that night, a car pulled up next to store clerk Brittany Holloway while she was taking out the trash. A man and a woman got out of the vehicle and ordered her to return to the store. They were both masked, and the man carried a long rifle. They pushed Holloway into the store and made her open the cash register and place the money in a bag. When she was done, the man with the gun made her lie down on the floor.

While this was happening, a second masked man entered the store. The assistant manager, Vickie Adams, was ordered to open her cash register. When Adams began removing the money, the female robber reached in and took the entire drawer. The female robber threatened that if Adams did not do what they said, the gunman would kill her. The female robber and one of the male robbers then forced Adams into the office and made her open the safe. After the female robber removed the money from the safe, they ordered Adams to lie on the floor. When she resisted, the male robber pushed her to the floor and kicked her. Surveillance cameras recorded the entire robbery.

At trial, Deputy Sheriff Rick Morales testified that during the investigation of the robbery, he recovered, among other things, a loaded rifle from the middle of the highway. Witnesses testified that Jimmy Barnes [1] owned the abandoned rifle, having purchased it from the neighbor of Ray Sneed.[2]

Jimmy Barnes testified at trial. He admitted participating in the robbery of the Old River Package Store along with Ray Sneed and Tracie Snider. He stated that the three of them, along with Kristie Heritage, had gone to the store earlier in the evening to case the store. Afterward, they discussed robbing the liquor store. He testified that Snider agreed to rob the store. They went to Sue Inman's [3] house and borrowed her car. Then he, Sneed, and Snider returned to the liquor store and robbed it. He admitted he was the gunman during the robbery. He stated that the gun was thrown out the car window after leaving the liquor store.

Ray Sneed also testified at trial. He too admitted to participating in the robbery along with Barnes and Snider. He confirmed Barnes's version of events, except that he stated that the initial visit to the liquor store was an innocent trip and was not done to case it. He did, however, confirm that Snider had participated in the robbery.

Vickie Adams, the Assistant Manager of the liquor store, testified that she was on

1. Jimmy Barnes's full name is Jimmy Allen Barnes. He is identified in the record as both Jimmy Barnes and Allen Barnes. To prevent confusion, he will be identified in this opinion only as Jimmy Barnes or Barnes.

2. Ray Sneed's full name is Ronald Ray Sneed. He was identified by witnesses as both Ronald Sneed and Ray Sneed during the trial. To prevent confusion, he will be identified as Ray Sneed or Sneed in this opinion.

3. Sue Inman testified that her name is Audry Fay Inman, but that she goes by either Audry Inman or Sue Inman. Barnes and Heritage also referred to her as Sue Bullard. To prevent confusion, she will be identified in this opinion as either Sue Inman or Inman.

the phone with her daughter when the robbers arrived. She saw them grab Brittany Holloway, so she set off the silent alarm and told her daughter to call the police. She confirmed what was shown on the surveillance tape. She also identified Sneed, Barnes, and Snider from video taken earlier in the evening. She testified that, although masked, the female robber seemed familiar to her and that she later realized that the female robber was Tracie Snider. Adams testified that she was able to recognize Snider by her eyes, her voice, and the way she walked.

Brittany Holloway also testified about the events that evening. She stated she was forced into the store at gunpoint while she was taking out the trash. She was then forced to empty the cash register and ordered to lie on the floor.

Kristie Heritage testified that she had gone to the liquor store earlier in the evening with Barnes, Sneed, and Snider. She did not know anything about the robbery at that time and did not go to case the store. She stated that things were said on the way to Sue Inman's house that made her uncomfortable, so she left. She did not accompany them back to the liquor store. A day or two later, Snider told her about the robbery and her involvement in it.

Sue Inman testified that, on the night of the robbery, Barnes, Sneed, and Snider borrowed her car. They returned an hour-and-a-half later. Barnes and Snider then told her that they had robbed the liquor store. Inman stated that she would not have loaned them her car if she had known what they had planned to do.

Snider first argues that the trial court erred in denying her motion for a directed verdict on the aggravated-robbery count. More specifically, she asserts that the State failed to present sufficient corroborating evidence linking her to the crime.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Coggin v. State*, 356 Ark. 424, 156 S.W.3d 712 (2004). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Woodson v. State*, 2009 Ark. App. 602, 374 S.W.3d 1. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Id.*

Under Arkansas Code Annotated section 16–89–111(e)(1) (Repl.2005), a person cannot be convicted of a felony based upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroborating evidence need not be sufficient standing alone to sustain the conviction, but it must, independent from the testimony of the accomplice, tend to connect the defendant to a substantial degree with the commission of the crime. *Torrence v. State*, 2010 Ark. App. 225, 2010 WL 816345. The test is whether, if the testimony of the accomplice were completely eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Id.* The corroborating evidence may be circumstantial so long as it is substantial; evidence that merely raises a suspicion of guilt is insufficient to corroborate an accomplice's testimony. *Westbrook v. State*, 2009 Ark. App. 723, 2009 WL 3644215.

Here, there was sufficient evidence submitted to corroborate the testimony of the accomplices, Ray Sneed and Jimmy

Barnes. A surveillance video of the robbery was admitted into evidence and independently established that a crime was committed. One of the victims, Vickie Adams, testified that, on the night of the robbery, she thought that the voice, eyes, and walk of the female robber seemed familiar. Later, she realized the female robber was Tracie Snider and, at trial, identified Snider as such. Kristie Heritage testified that Snider confided in her about robbing the liquor store. Sue Inman testified that Barnes borrowed her vehicle the night of the robbery; that Barnes, Sneed, and Snider left in her car; and that the three returned approximately an hour-and-a-half later. Inman further testified that Snider and Barnes told her that they had just robbed the liquor store, and Snider bragged to Inman that she had threatened one of the clerks. Thus, even if the testimony of accomplices Barnes and Sneed are completely eliminated from the case, the other evidence independently establishes the crime and connects Snider with its commission.

We recognize that, at trial, defense counsel argued to the jury that Kristie Heritage and Sue Inman were also accomplices to this robbery—Heritage allegedly cased the liquor store prior to the robbery and Inman loaned them the car used in the robbery. Counsel did not, however, have them declared accomplices as a matter of law by the court, nor did he request an instruction to have the jury determine the issue. Thus, we have treated them as any other fact witness. But, even if Heritage and Inman were determined to be accomplices, the testimony of Vickie Adams and the surveillance video are sufficient to support the verdict.

Snider next claims that there was insufficient evidence to support the separate charges of kidnapping because the State failed to show that she or her accomplices employed any greater restraint on the victim than that normally incident to an aggravated robbery.

A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with her liberty with the purpose of facilitating the commission of any felony or flight after the felony. Ark.Code Ann. § 5–11–102(a)(3) (Repl.2006). In defining kidnapping, the Criminal Code speaks in terms of restraint rather than removal. *See Lee v. State*, 326 Ark. 529, 932 S.W.2d 756 (1996). The commentary to this statute explains that the exclusion of *de minimis* restraints from the definition of kidnapping is desirable since offenses such as rape or robbery necessarily contemplate restrictions on the victim's liberty while the crime is actually committed. *Id.*

In Arkansas, it is only when the restraint exceeds that normally incidental to the associated crime that the defendant should also be subject to prosecution for kidnapping. *See Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). The offense of aggravated robbery required only that Snider or an accomplice be armed with a deadly weapon or represent by word or conduct that he or she is armed with a deadly weapon. Ark.Code Ann. § 5–12–103 (Repl.2006). Thus, any additional restraint will support a conviction for kidnapping. *See Moore, supra.* Among the factors that have been considered by courts in determining whether a separate kidnapping conviction can be supported are whether the movement or confinement (1) prevented the victim from summoning assistance; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. Frank J. Wozniak, *Annotation: Seizure or Detention for Purpose of Committing Rape, Robbery, or Other Offense*

*as Constituting Separate Crime of Kidnapping*, 39 A.L.R.5th 283, 358 (1996).

Here, Jimmy Barnes, Snider's accomplice, grabbed Brittany Holloway by the arm and forced her to return to the store at gunpoint, and, after obtaining the money from the cash register, ordered Holloway to lie down on the floor while the robbers went to another part of the store with the other clerk. This prevented Holloway from summoning assistance during the remainder of the robbery and placed her in a more vulnerable position than before. This additional restraint is sufficient.

There was also sufficient evidence to support the kidnapping charge as it relates to Vickie Adams. After being forced to open one of the cash registers, Adams was taken into the back office and ordered to open the safe. Once she had done so, Snider's accomplice, Ray Sneed |₈ordered Adams to lie on the floor. When she resisted, Sneed pushed her to the floor and kicked her. At that time, the robbery had already been completed and any additional force was unnecessary. As this restraint exceeded that required to support a charge of aggravated robbery, it is sufficient.

Affirmed.

HENRY and BROWN, JJ., agree.