N. MARK KLAPPENBACH, Judge
Appellant Norman Ray Bullock was convicted by a jury in Prairie County Circuit Court of first-degree murder of his wife, Dayla Bullock, for which he was sentenced to ten years in prison. Appellant argues on appeal that the trial court erred (1) in denying his motions for directed verdict because there was insufficient evidence to corroborate the testimony of his daughter, April Bullock, who appellant contends was an accomplice and was not a credible witness and (2) in denying his motion for a mistrial. Appellant's first point on appeal is not preserved for appellate review, and his second point on appeal holds no merit. We therefore affirm.
After the State presented its case-in-chief, defense counsel moved for directed verdict "for the State's failure to prove their case." Defense counsel recited that appellant was charged with first-degree murder, which required the State to prove the following beyond a reasonable doubt:
That [with] the purpose of causing the death of Dayla Bullock, Norman Bullock caused the death of Dayla Bullock. We say the State has failed to meet a prima facie case on that.
Appellant's attorney did not renew this motion until after the jury had rendered a guilty verdict, while the jury was deliberating on what sentence to impose. At that time, defense counsel stated to the trial court:
I screwed up on this, in that when we closed, I didn't re-do my motions. I don't know if it's going to be any good at this point, but I want to go ahead and put those on the record and re-do my motions.
Defense counsel's renewed motion for a directed verdict was denied. Thereafter, the jury returned to open court and rendered the ten-year prison sentence.
On appeal, appellant contends that there was insufficient evidence to support the incriminating testimony of his adult daughter, April Bullock. Appellant specifically argues that April was an accomplice whose testimony was required to be corroborated. Appellant also argues that April suffers from mental-health issues, her testimony was not compatible with the physical evidence, and her testimony was not *569 credible. We do not reach these arguments because appellant failed to preserve his arguments for appellate review.
We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. Snider v. State , 2010 Ark. App. 694, 378 S.W.3d 264. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, either direct or circumstantial; evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Id. On appeal, we view the evidence in the light most favorable to the State, considering only that evidence supporting the verdict. Id. A jury is free to believe all or part of a witness's testimony, and we do not weigh the credibility of witnesses on appeal-that is a job for the finder of fact, not the appellate court. Foster v. State , 2017 Ark. App. 63, 510 S.W.3d 782. Arkansas law is clear that a conviction cannot be had in any case of felony on the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the commission of the offense. Procella v. State , 2016 Ark. App. 515, 504 S.W.3d 686.
In order to make these challenges on appeal, however, appellant was required to strictly comply with Arkansas Rule of Criminal Procedure 33.1 (2017), which mandates the content and timing of directed-verdict motions at trial. Appellant failed to comply with Rule 33.1. First, appellant's initial motion was too general and lacked any specific challenge to the State's proof, as required by Ark. R. Crim. P. 33.1(a) and (c). Second, appellant's motion did not mention credibility of witnesses, nor did it mention the requirement of corroboration of accomplice testimony.[1] An appellant is bound by the scope and nature of the arguments raised at trial. Stewart v. State , 2012 Ark. 349, 423 S.W.3d 69 ; Brewer v. State , 2017 Ark. App. 119, 515 S.W.3d 629. And third, even if the initial motion contained the necessary specificity and included these arguments, appellant failed to renew the motion for directed verdict at the appropriate time, as required by Ark. R. Crim. P. 33.1(a) and (c) (at the close of the State's case and renewed at the close of all the evidence). Appellant's attorney admittedly waited until it was too late, presenting the renewal after the jury had begun deliberating on his sentence, which was after the jury had already found him guilty of first-degree murder. See Cathey v. State , 351 Ark. 464, 95 S.W.3d 753 (2003). We are therefore precluded from reaching appellant's sufficiency-of-the-evidence arguments on appeal.
Appellant's other point on appeal asserts that the trial court erred by denying his motion for a mistrial. Appellant contends that during a recess in jury selection, the prospective jurors could have seen a State's witness (investigating officer Duerson) walk out of the trial judge's chambers, which opens into the general courtroom. Appellant asserted that this gave the appearance of impropriety that deprived appellant of a fair trial; appellant did not move for the trial judge's recusal. Appellant asserted that there was no jury instruction that could cure the issue because it would only emphasize that a State's witness was having a discussion in the judge's chambers. In denying the motion, the trial judge stated that he would ask the prospective jurors in order to determine if anyone had seen anyone in or leaving the judge's chambers.
*570 The trial judge stated the following in open court to the potential jurors:
During the recess, I'd like to know if any of you saw anyone enter my office or leave my office? If you do, would you please stand up? If you saw anybody enter or leave my office. Okay. No one is standing up. So the record will reflect that no one here is asserting that they saw anybody enter or leave my office. Did anybody see anyone in my office? And when I refer to my office, I'm referring to the room that says Judge's Chambers that I'm pointing to. Did anybody pay any attention to that room
whatsoever? You were just trying to get out of the courtroom I assume. Okay. But if anybody saw anybody in that office other than me, will you please stand up. Okay, sir, did you see anybody besides lawyers enter my office? [Potential juror Mark Ingle answered "no."] Thank you, sir. Very good. I appreciate it. Anybody else see anybody enter the office other than attorneys? Thank you very much.
On appeal, appellant argues that Duerson's leaving the judge's chambers while potential jurors were in the courtroom created the appearance of impropriety necessitating a mistrial. We disagree.
A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial has been manifestly affected. McClinton v. State , 2015 Ark. 245, 464 S.W.3d 913 ; Moore v. State , 355 Ark. 657, 144 S.W.3d 260 (2004). Declaring a mistrial is proper only when the error is beyond repair and cannot be corrected by any curative relief. McClinton, supra. The judge presiding at trial is in a better position than anyone else to evaluate the impact of any alleged errors. Id. Therefore, the trial court has wide discretion in granting or denying a motion for mistrial, and the decision of the trial court will not be reversed except for abuse of that discretion or manifest prejudice to the complaining party. Id.
Here, no prospective juror saw Duerson inside or leaving the judge's chambers. Duerson's identity was not revealed to the jurors in the trial court's questioning. Appellant simply cannot show any prejudice. Moreover, the jury was subsequently given Arkansas Model Criminal Jury Instruction 101(f):
I [the trial judge] have not intended by anything I have said or done, or by any questions that I may have asked, to indicate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified. If anything that I have done or said has seemed to so indicate, you will disregard it.
In reviewing a mistrial motion, we look at all developing circumstances that surround an incident to determine whether a manifest abuse of discretion occurred. Worsham v. State , 2017 Ark. App. 702, 537 S.W.3d 789, 2017 WL 6376085. Looking at all the circumstances present here, we hold that the trial court's discretion was not abused and that appellant was not deprived of a fair trial.
Affirmed.
Virden and Murphy, JJ., agree.

Appellant admittedly did not proffer a jury instruction concerning the subject of accomplices, and the jury was not instructed in any way on the subject of accomplices.