**Allen James SMITH, Respondent,**

v.

**Ute SMITH, Appellant.**

No. 15292.

Missouri Court of Appeals,
Southern District,
Division One.

May 12, 1988.

Wayne Gifford, Waynesville, for appellant.

James D. Sickal, Waynesville, for respondent.

HOLSTEIN, Judge.

Appellant Ute Smith appeals from a decree of dissolution of marriage in the Circuit Court of Pulaski County. Respondent Allen James Smith filed a petition alleging, "[T]here is no reasonable likelihood that the marriage of the parties can be preserved, and therefore, the marriage is irretrievably broken." The appellant there-

after filed an answer which denied the above-quoted allegation.

On the date the case was tried but before evidence was presented, appellant's counsel moved for dismissal because the respondent's petition had not been amended to allege one or more of the factual situations described in § 452.320.2(1)[1] justifying a finding that the marriage is irretrievably broken. In addition, appellant's counsel objected to the presentation of any evidence tending to prove the marriage was irretrievably broken.

■ The sole point on appeal is that the trial court erred in admitting evidence tending to establish that the marriage was irretrievably broken because such evidence was beyond the scope of the pleadings.

Section 452.300 provides that rules of the Supreme Court and applicable court rules apply to dissolution of marriage proceedings. In addition, § 452.310.2 provides:

The petition in a proceeding for dissolution of marriage ... shall be verified and shall allege the marriage is irretrievably broken ...

In this case, the petition contained the required allegation. Section 452.320.2, in pertinent part, states:

If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence, shall

(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:

(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(b) That the respondent has behaved in such a way that the petitioner cannot

reasonably be expected to live with the respondent;

(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition; ...

Rule 55.05 requires that a pleading shall contain a short, plain statement of the facts showing that the pleader is entitled to relief and a demand for judgment. Rule 55.01 provides that there shall be a petition and an answer, and no other pleading shall be required.

Nothing in the above-cited statutes or rules requires that when a respondent denies the marriage is irretrievably broken that a petitioner file an amended petition to specify the facts which might "satisfy" the trial court that the marriage is irretrievably broken. The petition contains the general allegations required by the statute to invoke the court's jurisdiction to dissolve the marriage. § 452.310.2. The mere generality of the petition will not prevent the introduction of detailed evidence thereunder, unless the evidence actually contradicts or goes outside of the petition. *Jones v. Hill*, 18 S.W.2d 382, 386 (Mo.1929); *State v. Shain*, 178 S.W.2d 446, 447 (Mo. 1944). Having stated the jurisdictional facts in the petition, no additional pleading is required. Rule 55.01.

■ Appellant correctly states the rule that "the filing of pleadings are intended to frame the issues to be tried and defended at the trial court level." *In Re Marriage of Morris*, 726 S.W.2d 505, 507–508 (Mo.App.1987). There are a good many exceptions and limitations to this rule of

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo, 1986, and all references to rules are to Missouri Rules of Court, V.A.M.R.

pleading. One of those exceptions is that where the jurisdictional facts are alleged, failure to move for a more definite statement results in a waiver of any complaint regarding the lack of specificity in the petition. *Sirna v. APC Bldg. Corp.*, 730 S.W. 2d 561, 566 (Mo.App.1987); *R____ v. M____*, 383 S.W.2d 894, 898–899 (Mo.App. 1964). Here there was no motion for more definite statement as is authorized by Rule 55.27(d). Assuming, without deciding, that a petitioner is required to more specifically allege the reason or reasons why a marriage is irretrievably broken when an answer denies such fact, failure to file a motion for more definite statement results in a waiver of the lack of specificity.

CROW, C.J., and GREENE, P.J., concur.