**Mary H. REEVES, Petitioner/Respondent,**

v.

**Peter C. REEVES, Respondent/Appellant.**

**No. 57846.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 15, 1991.

Application to Transfer Denied March 5, 1991.

Newman, Goldfarb, Freyman & Stevens, P.C., Morton R. Newman, St. Louis, for respondent/appellant.

Guilfoil, Petzall & Shoemake, Leonard J. Frankel, St. Louis, for petitioner/respondent.

KAROHL, Judge.

Peter C. Reeves, age 59, filed a motion to modify the amount of maintenance contained in the decree dissolving his marriage to Mary H. Reeves, age 56. The trial court denied modification. It found:

> [Wife's] income from all sources does not exceed her reasonable expenses considered in light of the financial situations of Petitioner [wife] and Respondent [husband] at the time of the dissolution and considered in light of Respondent's continued financial situation. Considered in the light of those financial situations, the court finds that the changes in conditions have not been sosubstantial [sic] as to make the provisions of the Decree of Dissolution as they relate to Maintenance unreasonable.

On appeal husband contends the judgment is against the weight of the evidence because there was evidence of changed circumstances of a substantial nature making the current maintenance award unreasonable. We agree.

The marriage was dissolved on October 5, 1976. The court granted custody of the parties' three minor children, ages 16, 14 and 10, to wife. It ordered husband to pay $500 per month per child for child support;

all medical and dental expenses of each child; school tuition expenses; and, to establish a college trust fund of $150,000. The court also ordered husband to pay wife maintenance of $1,000 per month; wife's tuition at Maryville College; all medical and dental bills of wife; and to maintain insurance policies insuring lives of husband and wife naming minor children as beneficiaries. Wife obtained her associate degree in nursing in 1977. Wife has been employed at Barnes Hospital continuously since June 1977. Husband filed his motion to modify on May 4, 1989. After hearing the motion to modify on December 6, 1989, trial court denied the motion.

On appeal husband contends the judgment refusing to modify the decree is against the weight of the evidence because wife can support herself and maintain her present standard of living with earnings from her employment. Our review is limited by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

At the modification hearing the following evidence of substantial changes in circumstances was adduced. First, husband's gross income has reduced from a salary of $100,000 a year in 1977 to dividend and interest income of $60,900 for the year ending December 1989 due to husband's retirement. Husband's monthly expenses, exclusive of maintenance, of $5,756 now exceed his monthly income after taxes of $4,275. Second, wife's gross earned income increased from $6,119 in 1977 to $40,417 for the year ending December 1989. In addition, wife received a $600 tax refund in 1989 and earned six months of 8.75 percent interest on a $26,000 certificate of deposit. Wife's available earned income per month after taxes of $2,406.08[1] exceeds her monthly expenses of $2,291.56.[2] Third, wife with the aid of $1,500 child support per month provided a home for three minor children at the time of the dissolution. In 1989, none of the children,

ages 30, 28 and 23, lived with wife. The youngest child attended college and spent his vacation time with both husband and wife. On July 5, 1989, husband agreed to pay college expenses for the youngest child in the estimated sum of $30,000. Fourth, husband's net worth is approximately $963,108. Wife's assets less her liabilities total $354,300. Her assets include the marital home valued at $244,500 and $97,000 in tax deferred annuities.

Husband has carried the burden imposed upon him for modification. *See Sellew v. Sellew*, 675 S.W.2d 83, 84 (Mo.App.1984). The evidence in support of his motion constitutes a showing of changed circumstances so substantial and continuing as to make his $1,000 per month maintenance obligation unreasonable. Section 452.370.1 RSMo Cum.Supp.1989. Wife is self-sufficient without maintenance. She is able to meet her claimed expenses from the proceeds of her employment and investment income. Wife's household has decreased in size from four to one. Husband is supporting the parties' youngest child by paying all of his colleges expenses. Husband receives income solely from his investments. This income is less than his claimed expenses. The express goal of the Dissolution Act is to place each of the parties in an independent, self-sufficient status, not to create a future estate under the pretext of maintenance. *Schofer v. Schofer*, 780 S.W.2d 69, 71 (Mo.App.1989).

The judgment of the trial court is against the weight of the evidence. We reverse and remand with directions that the trial court terminate or determine the appropriate reduced maintenance award.

PUDLOWSKI, P.J., and GRIMM, J., concur.

---

1. Wife is paid bi-weekly. These figures include a sum of approximately $365 deducted from each paycheck and transferred into a tax sheltered annuity.

2. We reduce wife's claimed monthly expenses of $2,811.56 by $520. Wife is not entitled to continued maintenance by claiming clothing, recreation and telephone expenses of $120 for twenty-three year old son and attorney's fees she is ordered to pay.