**Lenore C. BURNS, Respondent,**

v.

**Russell W. BURNS, Appellant.**

No. 63934.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 22, 1994.

Frank Joseph Niesen, Jr., St. Louis, for appellant.

Mary Ann Weems, Corinne R. Coston, Clayton, for respondent.

CRAHAN, Judge.

Russell W. Burns ("Husband") appeals from a decree dissolving his marriage to Lenore C. Burns ("Wife"). Husband contends that the trial court erred in dissolving the marriage because there was no evidence or finding of any of the five circumstances specified in § 452.320.2(1)(a)–(e) RSMo 1986 [1] to support the trial court's determination that the marriage is irretrievably broken. Alternatively, Husband challenges the trial court's determination and division of marital property and the exclusion of Husband's proffered expert testimony pertaining to valuation of Wife's business. We reverse and remand.

Wife filed her verified petition for dissolution of the marriage on November 14, 1990, alleging under oath in Paragraph 7 thereof that "[t]here is no reasonable likelihood that the marriage of Petitioner and Respondent can be preserved and, therefore, the marriage is irretrievably broken." On December 20, 1990, Husband filed a verified answer stating under oath that he "denies the allegations contained in paragraph 7 of Petitioner's Petition for Dissolution of Marriage."

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

Wife's petition alleged and Husband admitted in his answer that the parties had separated on March 15, 1990, some eight months prior to the filing of Wife's petition. The evidence at trial established that Wife moved out of the marital home on that date but neither party adduced any evidence of the reason for the separation. There was no evidence of adultery or that either party had behaved badly toward the other. Wife had substantial income and there was no evidence that Husband had refused to provide for her reasonable needs.

In response to a leading question from her attorney, Wife testified that there was no reasonable likelihood that the marriage could be preserved and that the marriage was irretrievably broken. Husband testified but did not address the issue of irretrievable breakdown. On April 7, 1993, the trial court found that the marriage was irretrievably broken, dissolved the marriage and divided the parties' property.

Section 452.320 provides:

1. If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after considering the aforesaid petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken and shall enter an order of dissolution or dismissal accordingly.

2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence shall

(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:

(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition; or

(2) Continue the matter for further hearing not less than thirty days or more than six months later, or as soon thereafter as the matter may be reached on the court's calendar, and may suggest to the parties that they seek counseling. No court shall require counseling as a condition precedent to a decree, nor shall any employee of any court, or of the state or any political subdivision of the state, be utilized as a marriage counselor. At the adjourned hearing, the court shall make a finding whether the marriage is irretrievably broken as set forth in subdivision (1) above and shall enter an order of dissolution or dismissal accordingly.

■ There is no dispute that Husband's denial of Wife's allegation that the marriage is irretrievably broken brings this matter squarely within the provisions of § 452.320.2. Nor is there any dispute that the evidence adduced at trial would not support a finding by the trial court of any of the five circumstances set forth in § 452.320.2(1)(a)–(e). Under such circumstances, Husband maintains that the trial court's finding that the marriage is irretrievably broken is not supported by substantial evidence and that the decree of dissolution must be reversed. We agree.

Wife urges that we should find that Husband abandoned his denial that the marriage was irretrievably broken in view of the fact that he offered no evidence to support his denial and never asked Wife to enumerate

**630**

specific facts to support her allegations.[2] We find no abandonment.

 Issues for trial are framed by the pleadings. *Smith v. Smith,* 751 S.W.2d 125, 126 (Mo.App.1988). Once Husband denied Wife's pleading that the marriage was irretrievably broken, Wife as petitioner had the obligation of proving one or more of the circumstances set forth in § 452.320.2(1)(a)–(e). *See Nieters v. Nieters,* 815 S.W.2d 124, 125–26 (Mo.App.1991).

Wife's sole authority for her abandonment theory is *Smith v. Smith,* 751 S.W.2d 125 (Mo.App.1988). *Smith* considered the question of whether the petitioner may be deemed to have abandoned her allegation that the marriage is irretrievably broken by failing to amend the petition to allege one or more of the five specific circumstances set forth in § 452.320.2(1)(a)–(e) when the general allegation has been denied in the answer. *Smith* holds that this does not constitute abandonment and that the petitioner may proceed to prove one or more of the five circumstances at the hearing. 751 S.W.2d at 127. *Smith* does not in any way support Wife's contention that Husband somehow abandoned his denial and we find such contention to be without merit.

We have previously acknowledged the probable futility of requiring strict compliance with the requirements of § 452.320.2. *See, e.g., Nieters,* 815 S.W.2d at 127; *In re Marriage of Mitchell,* 545 S.W.2d at 320; *Welsh v. Welsh,* 869 S.W.2d 802 (Mo.App. E.D.1994) (Crahan, J., dissenting). Nevertheless, we stand by our consistent position that such considerations are for the legislature, not this court. Wife concedes that there was no evidence to support a finding of any of the circumstances set forth in the statute. In the absence of such evidence, the decree must be reversed.

 In his prayer for relief, Husband asks that we dismiss the action at Wife's costs. This does not appear to be an authorized disposition under the statute at this stage of the proceeding. Rather, § 452.320.2 contemplates that in the absence of proper finding of irretrievable breakdown in accordance with § 452.320.2(1), the trial court shall continue the matter for not less than thirty days or more than six months, at which time it shall hold a further hearing. § 452.320.2(2). At such hearing, the court is then required to make a finding of irretrievable breakdown in accordance with § 452.320.2(1) or enter an order dismissing the petition.[3] *Id.*

In view of our disposition, we need not reach Husband's alternative contentions.

We reverse and vacate the decree of dissolution and remand for further proceedings pursuant to § 452.320.2(2).

CRANE, P.J., and KAROHL, J., concur.

---

2. Wife also claims that Husband complained of Wife's behavior toward him in a verified response to interrogatories concerning conduct Husband felt the court should consider in awarding maintenance or dividing property. This response was never introduced in evidence and is not before us. Moreover, even if it could be considered, it would be irrelevant to any of the five circumstances set forth in § 452.320.2(1)(a)–(c) because it relates to conduct of petitioner (Wife), not respondent. *See In re Marriage of Mitchell,* 545 S.W.2d 313, 318–19 (Mo.App. 1976).

3. Based on the record before us, it does not appear that Wife could prove the circumstances set forth in § 452.320.2(1)(c)–(e) at any subsequent hearing because they contain time frames which are based on the date of filing of the petition. Should Wife conclude that she cannot or does not wish to prove one of the remaining circumstances, we observe that nothing in this opinion precludes Wife from obtaining leave to dismiss her petition without prejudice, which would then appear to permit her to refile and prove the circumstance set forth in § 452.320.2(1)(e).