In re MARRIAGE OF Lenore C. BURNS and Russell W. Burns.

Lenore C. BURNS,
Petitioner/Respondent,

v.

Russell W. BURNS,
Respondent/Appellant.

No. 66872.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1995.

Frank J. Niesen, Jr., St. Louis, for appellant.

Mary Ann Weems, Law Offices of Mary Ann Weems, Clayton, for respondent.

CRANE, Presiding Judge.

This is husband's second appeal in a dissolution action. We reversed and vacated the original judgment because of the absence of evidence of any of the five statutory circumstances to support a finding that the marriage was irretrievably broken. *Burns v. Burns*, 872 S.W.2d 628 (Mo.App.1994).[1] On remand the trial court entered a new judgment dissolving the marriage and dividing the marital property. We now reverse and remand that part of the dissolution decree relating to the division of marital property.

Lenore C. Burns [wife] and Russell W. Burns [husband] were married on June 18, 1955. Eight children were born of the marriage all of whom were emancipated at the time of trial. Wife filed a petition for dissolution of marriage on November 14, 1990. On April 7, 1993 the trial court entered a judgment dissolving the marriage and dividing the marital property. On appeal from this judgment husband contended the trial court erred in dissolving the marriage because there was no evidence of any of the circumstances to support a finding that the marriage was irretrievably broken. Alternatively, husband challenged the financial provisions of the decree and certain evidentiary rulings. We reversed and vacated the judgment and remanded the action to the trial court on the evidentiary issue. We did not reach husband's alternative contentions relating to the trial court's determination and division of marital property or admission of evidence relating thereto.

1. Section 452.320.2(1)(a)–(e) RSMo 1994, requires such evidence when one party denies that the marriage is irretrievably broken.

On remand the trial court limited evidence to the sole issue of whether wife could reasonably be expected to live with husband, a circumstance supporting irretrievable breakdown set out in § 452.320.2(1)(b). On August 26, 1994 the trial court entered its Judgment and Decree After Remand dissolving the marriage. The trial court divided the marital property in the same manner as it did in its previous decree. The court awarded husband property valued at $193,825 which included the marital home. It awarded wife property in excess of $162,750 which included her retail sales business. It divided husband's Navy pension into marital and nonmarital shares, declared his civil service pension to be wholly marital property, and awarded each party one-half of the marital shares of the two pensions.

In this appeal husband challenges the trial court's denial of his motion for continuance, its failure to transfer to a proper venue, its finding that the marriage is irretrievably broken, its exclusion of certain evidence and the designation and division of marital property. We reverse that portion of the decree which divides the marital property because the trial court did not consider the parties' economic circumstances as of the time of the dissolution which occurred on August 26, 1994. We also reverse those portions of the decree which order the military and civil service pensions divided by Qualified Domestic Relations Orders and which alternatively award the pension funds as maintenance. We remand the case to the trial court for further proceedings. Because of the remand, husband's claim of error relating to the failure to grant a continuance is moot. We find no error with respect to the remaining points on appeal.

■ In reaching this disposition we are guided by the principle that the decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares or applies the law. *Chapman v. Chapman*, 871 S.W.2d 123, 124 (Mo.App. 1994). We accept as true the evidence and all inferences therefrom that are favorable to the trial court's decree and disregard all contrary evidence. *Id.*

## VENUE

■ Husband contends the trial court erred in not transferring this case to Jefferson County because at the time wife filed her petition she was not a resident of St. Louis County, but was a resident of Jefferson County, and therefore venue in St. Louis County was improper.

■ Venue is proper in the county where the plaintiff resides. § 452.300.1 RSMo 1994. Venue in the county of residence may be waived by failure to challenge it. *State ex rel. Brockfeld v. Provaznik*, 812 S.W.2d 568, 569 (Mo.App.1991). Failure to object to improper venue at the earliest opportunity constitutes waiver. *State ex rel. Teasley v. Sanders*, 796 S.W.2d 382, 384 (Mo. App.1990).

Husband did not object to venue in his answer to wife's original petition in which she alleged she resided in St. Louis County. After remand, wife filed a first amended petition in which she continued to allege that she resided in St. Louis County. Husband first objected to venue in his answer to wife's first amended petition while this case was before the trial court on remand. Under these circumstances husband waived venue when he failed to challenge it when wife first alleged residence in St. Louis County. Contrary to his argument, Rule 55.33(c) does not apply in these circumstances to make his belated venue challenge timely. The trial court did not err in failing to transfer the case for improper venue.

## DISSOLUTION OF MARRIAGE

■ Husband next contends that there was insufficient evidence for the court to find that husband's actions were such that wife could not reasonably be expected to live with him and thus it was error for the court to dissolve the marriage. If one party denies that the marriage is irretrievably broken, the other party must prove the existence of one or more of the circumstances listed in § 452.320.2(1). *Burns*, 872 S.W.2d at 628. The court found that wife had shown that husband behaved in such a way that wife

could not reasonably be expected to live with him. § 452.320.2(1)(b).

Husband relies on two cases in which this court reversed the dissolution decree because there was no substantial evidence in the record that the petitioner husband could not reasonably be expected to live with respondent wife. *Nieters v. Nieters,* 815 S.W.2d 124, 126 (Mo.App.1991); *In re Marriage of Mitchell,* 545 S.W.2d 313 (Mo.App.1976). These cases are distinguishable. There is substantial evidence in this case to support the trial court's conclusion that it was unreasonable to expect wife to live with husband because of husband's behavior toward wife, including his unwillingness to communicate with wife for extended periods of time.

■ We give the trial court great deference in its decision that one spouse cannot reasonably be expected to live with the other spouse. *See Welsh v. Welsh,* 869 S.W.2d 802, 805 (Mo.App.1994). *See also Cregan v. Clark,* 658 S.W.2d 924, 927–28 (Mo.App. 1983). The trial court did not err in finding the marriage irretrievably broken.

### DESIGNATION AND DIVISION OF MARITAL PROPERTY

Husband's last four points address the trial court's designation and division of marital property. He contends that the trial court erred in finding his whole civil service pension was marital property, in awarding wife 50% of the marital share of his pensions, and in not admitting current evidence regarding the parties' economic circumstances and expert evidence valuing wife's business.

*Civil Service Pension*

■ Husband first argues that because ten years of the service credited toward his civil service pension was from his active service in the military prior to the marriage, a portion of that pension should be his separate property. Husband testified he was on military active duty ten years, seven years before the marriage and three years during the marriage. During the marriage he also spent twenty-eight years as a civil service employee. He further testified that his civil service retirement pay was based on thirty-eight years of service which included the

number of years he was on military active duty. His years of military active duty were also used to calculate his military retirement.

Property acquired subsequent to marriage is marital property. § 452.330.2 RSMo 1994. All of husband's civil service employment occurred during the marriage. He would not have been entitled to a civil service pension had he not worked as a civil service employee. The fact that the amount of the pension may be increased by virtue of the circumstance of his previous military service does not affect the status of the civil service pension as marital property. There is substantial evidence to support the trial court's finding that all of husband's civil service pension was acquired during the marriage and is thus marital property under § 452.330.2.

*Division of Marital Portion of Civil Service and Military Pensions*

Husband contends the trial court misapplied the law in awarding the marital portion of the civil service and military pensions because the trial court awarded them as maintenance and also ineffectively divided the pensions under a Qualified Domestic Relations Order (QDRO). He also asserts that the trial court abused its discretion in this division because it failed to make the parties economically independent.

■ The decree divides the pensions as marital property in paragraph 9. In paragraph 9C the court specified that the pensions should be divided by QDROs and ordered the attorneys to draft appropriate orders. However, in paragraph 7 the decree ordered:

7. Neither party is awarded maintenance from the other party except that if either or both of Husband's Pensions are not subject to a Qualified Domestic Relations Order (QDRO), then Husband shall pay Wife maintenance as set forth below; said order is not subject to modification. If Husband's Civil Service pension is not subject to QDRO then Husband shall pay Wife sum of $1,535.00 [5] per month; and if Husband's Navy pension is not subject to QDRO Husband shall pay Wife the sum of $265.00 [6] per month. If the annuity payments are no longer deducted than [sic]

the above amounts shall be increased by the amount of the annuity costs not deducted.

[5] $3,373 divided by 2 = $1,686 less the annuity costs which benefits Wife of $150 = $1,535 per month.

[6] Marital interest = 45.5% (Marital points of 2,500 divided by Total points of 5,500). $1,637 times 45.45% = $744 divided by 2 = $372 less the annuity costs which benefits Wife of 107 = $265 per month.

■■■ We first note that a QDRO is not necessary to divide civil service and military retirement plans. Government plans are specifically exempt from 26 U.S.C. § 401(a)(13) which require QDROs in order to distribute pension funds to a spouse from a qualified plan. *See* 26 U.S.C. §§ 401(a) (last sentence), 411(e)(1), 414(d). *See also* Keith S. Bozarth, *QDROs and Public Pensions in Missouri*, J.Mo.Bar, May–June 1995, at 149, 151 n. 7–8.

■■■ Civil service and military pensions are appropriately treated as marital property and not maintenance. *See Peaslee v. Peaslee*, 844 S.W.2d 569, 571 (Mo.App.1992). Further, wife neither pleaded nor proved any need for maintenance.

On remand paragraphs 7 and 9C should be removed. However, the trial court should consider if any further provisions are necessary in the decree to properly effectuate these pension payments to a former spouse. The parties should supply the trial court with any pertinent civil service and military regulations governing the wording or contents of an order granting pension payments to a spouse. *See* 5 U.S.C. § 8345(j); 10 U.S.C. § 1408(d). *See also, e.g., Strassner v. Strassner*, 895 S.W.2d 614, 616–17 (Mo.App.1995).

■■■ Husband next argues that the trial court erred in failing to make the parties economically independent. Although the express goal of the Dissolution Act is to place each of the parties in an independent, self-sufficient status, *Reeves v. Reeves*, 803 S.W.2d 52, 53 (Mo.App.1990), such status is not required in order for the decree to withstand judicial scrutiny. *Torix v. Torix*, 863 S.W.2d 935, 939 (Mo.App.1993); *Tucker v. Tucker*, 778 S.W.2d 309, 312–13 (Mo.App. 1989).

*Consideration and Admission of Evidence*

■■■ Husband further argues the trial court erred in excluding evidence of his economic circumstances and the value of his wife's business. On remand the trial court did not allow any new evidence regarding the economic circumstances of the parties or the valuation of wife's business. It divided the marital property on the basis of the evidence adduced at the April 7, 1993 hearing.

In the previous appeal of this case we vacated the dissolution decree and remanded the action for further proceedings pursuant to § 452.320.2(2) which allows a further hearing after which "the court shall make a finding whether the marriage is irretrievably broken ... and shall enter an order of dissolution or dismissal accordingly." We specifically did not reach husband's claims of error regarding the division of property because the vacation of the decree of dissolution also vacated the property division.

Section 452.330.1 provides that the court consider "[t]he economic circumstances of each spouse *at the time the division of property is to become effective.*" § 452.330.1(1) (emphasis added). The division of property becomes effective as of the date of dissolution. *In re Marriage of Gustin*, 861 S.W.2d 639, 643–44 (Mo.App.1993). In this case the marriage was not dissolved until August 26, 1994. After finding that the marriage was irretrievably broken, the trial court properly proceeded to designate and divide the marital property, but in so doing it should have considered evidence of the parties' economic circumstances as of August 26, 1994 when the marriage was actually dissolved. Its failure to do so is error. On remand the trial court should admit and consider all relevant evidence relating to the valuation and distribution of the marital property as of the date of dissolution, August 26, 1994, and make a distribution order based on that evidence.

The judgment is reversed as to paragraphs 7 and 9 and the case remanded for further proceedings as set out in this opinion.

CRANDALL and DOWD, JJ., concur.