Joseph and Mabel POELKER,
Plaintiffs/Respondents,

v.

Christopher JAMISON,
Defendant/Appellant.

No. ED 75313.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 19, 1999.

Gail S. Zarosa, St. Louis, for appellant.

Joseph Poelker, Overland, pro se.

## RHODES RUSSELL, C.J.

Christopher Jamison ("buyer") appeals from the judgment entered by the trial court in favor of Joseph and Mabel Poelker ("sellers"). Sellers claimed buyer owed them additional money from the sale of their home pursuant to an alleged oral agreement entered into before signing the sale contract. We reverse in that the admission of such an alleged oral agreement violates the parol evidence rule.

Buyer and sellers executed a "Sale Contract" for the sale of sellers' house in Overland. The document consisted of a two-sided form contract with spaces to insert the pertinent information. The front side of the contract listed a sale price of $51,200, and contained a handwritten clause: "Seller to pay $2000 at closing." All parties signed the contract on the front side of the form in the pre-printed spaces provided for such signatures.

The back side of the form contained a clause that stated, "This is the entire contract and neither party shall be bound by representation as to value or otherwise unless set forth in contract [sic]." A section entitled "Special Agreements between Seller and Purchaser forming part of Contract" contained a handwritten clause: "Seller to pay $2000.00 in closing costs." All parties also signed immediately underneath this section, although the form contained no pre-printed lines for this purpose.

The closing on the property occurred approximately one month after the contract signing, and buyer moved into the house. Approximately three months later, sellers claimed buyer still owed them money. Buyer denied he owed any more money to sellers, and sellers thereafter sued buyer in small claims court. Their petition stated in pertinent part:

> My wife sold house on 9006 Tudor to Chris. We agreed to take 1 point for him. ($1000.00). At time of closing he did not have enough closing money. He ask us to take 1 point and he would pay us back after 1st of year 1998. We agreed to this. He claim now he doesn't owe us. There more to this case. Etc.

The small claims court found for sellers and entered a judgment in their favor for $1000. Buyer applied for and received a trial de novo in the circuit court.

At the trial de novo, the trial court allowed sellers to testify to an apparent oral agreement they made with buyer. According to sellers, buyer did not think he would have enough money for closing costs. Therefore, they agreed to "take a point" for buyer, which was worth $1000, and he agreed to repay them after January 1, 1998.

Buyer testified he did indeed believe he would not be able to pay closing costs. Therefore, he and sellers agreed that sellers would pay the closing costs. In exchange, the price of the house was increased from $50,000 to $51,200.

At the conclusion of the trial de novo, the trial court entered judgment in favor of sellers in the amount of $1000. Buyer appealed.

■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares of applies the law. *Id.* at 32.

In his first point on appeal, buyer argues "the trial court erred in allowing oral evidence to change the terms of a written and fully executed contract contrary to the parol evidence rule." In his second point, buyer argues "the trial court erred in allowing an alleged oral agreement in a confessed written [instrument] to be enforced in a real estate contract contrary to the statute of frauds. . . ." We find buyer's first point to be dispositive. Therefore, we do not address the merits of buyer's second point.

■ In the absence of fraud, accident, mistake, or duress, the parol evidence rule prohibits evidence of prior or contemporaneous oral agreements that vary or contradict the terms of an unambiguous, final, and complete writing. *Jake C. Byers, Inc. v. J.B.C. Investments*, 834 S.W.2d 806, 811 (Mo.App.1992). The rule is justified on the basis of two premises: (1) a written document is more reliable and accurate than fallible human memory, and (2) varying written terms by extrinsic oral evidence opens the door to perjury. *Id.* at 812.

■ Since a purpose of the parol evidence rule is to preserve the sanctity of written contracts, it is not a rule of evidence focusing on the probative reliability and trustworthiness of proffered oral evidence. *Id.* Rather, it is a substantive rule that limits the evidence from which inferences may be drawn and which, in turn, defines the limits of the contract. *Id.* Therefore, if extrinsic evidence is received, with or without objection, it violates the parol evidence rule and the decision must be made solely on the writing; parol evidence may not be considered. *Ironite*

*Products Co., Inc. v. Samuels*, 985 S.W.2d 858, 862 (Mo.App.1998).

■ We look first to the written document. If it appears to be a complete agreement on its face, it is conclusively presumed to be a final as well as a complete agreement between the parties. *Jake C. Byers*, 834 S.W.2d at 812. Parol evidence may not be used to create ambiguity in an otherwise unambiguous contract or to show that an obligation is other than that expressed in the written instrument. *Simul Vision Cable v. Continental Cablevision*, 983 S.W.2d 600, 603 (Mo.App. 1999).

■ The sale contract in issue appears to be a complete and unambiguous agreement on its face. All pertinent information is provided, such as the parties' names, a description of the property, and the sale price. The contract contains a clause which states, in pertinent part, that "This is the entire contract." The agreement regarding sellers paying closing costs is hand-written in two different places in the contract, and sellers signed by each.

The contract contains no language regarding sellers "taking a point" for buyer and being reimbursed at a later date. In fact, there is no language evidencing buyer's obligation to reimburse sellers for anything. Rather, the sale contract evidences an obligation on buyer's part to pay sellers $51,200 in exchange for clear title to sellers' house, and for sellers' to pay $2000 in closing costs. Therefore, the trial court erred in considering evidence of a prior oral agreement that varied the terms of the sale contract. Because the trial court erroneously applied the law, we cannot affirm the judgment. *Murphy*, 536 S.W.2d at 32.

Rule 84.14 provides we may give such judgment as the court ought to give, and we must dispose finally of the case unless justice otherwise requires. The sellers do not allege they have not received the sale proceeds provided for ·in the contract.

**614**

The meaning of the sale contract, which is a question of law, is clear. Therefore, we reverse the judgment of the trial court and enter judgment in favor of buyer, with costs assessed to sellers.

LAWRENCE G. CRAHAN, J., and CHARLES B. BLACKMAR, Sr.J., concur.