**MID RIVERS MALL, L.L.C., Appellant,**

v.

**Charles McMANMON, et al., Respondent.**

**No. ED 77205**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 12, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied March 20, 2001.

Clyde C. Farris, Jr., Copeland Thompson & Farris, P.C., Stephen C. Hiotis, Clayton, for appellant.

Patrick R. Gunn, Gunn and Gunn, Sharon R. Wice, St. Louis, for respondent.

JAMES R. DOWD, Judge.

This case raises the issue of whether the language "in full satisfaction of the guarantee" in a memorandum of settlement is ambiguous. We hold that it is not.

On June 27, 1997 Charles and Judith McManmon personally guaranteed that if MacImp, Inc. defaulted on their lease with Mid Rivers Mall, they would pay all sums due under the lease, up to $45,000. Exactly one year later Mid Rivers filed suit against MacImp on the lease (Count I) and the McManmons on the guaranty [1] (Count II) for sums due under the lease that MacImp failed to pay. On August 31, 1998 the parties filed a "Memorandum of Settlement and Dismissal" with the court. Paragraph two of the Memorandum stated:

> In satisfaction and full settlement of Count II, Guarantors Charles and Judith McManmon have made payment in the amount of $8,480.50 on behalf of [tenant], the receipt of which [Mid Rivers] hereby acknowledges, said payment made pursuant to and in full satisfaction of the Guarantee . . .

On April 29, 1999 Mid Rivers again filed suit in two counts against MacImp and the McManmons for some $4,500 in rental delinquencies that accrued after the first suit was settled. The McManmons filed a Motion to Dismiss, contending that the settlement of the prior suit extinguished their obligation created by the Guaranty and bars Mid Rivers from seeking payment from them on the Guaranty. The parties then submitted affidavits reflecting the payments they made and received on the lease. On May 24, 1999 the trial court entered a Judgment and Order, dismissing Mid Rivers suit against the McManmons. Mid Rivers now appeals.

Mid Rivers relies on two points of error. First, it maintains that the "Memorandum of Settlement and Dismissal" extinguished only the obligation to pay rents due at the time of settlement, not the Guaranty in its entirety. Second, Mid Rivers argues that the McManmons did not satisfy their $45,000 limit of liability under the Guaranty.

When parties introduce evidence beyond the pleadings, a motion to dismiss is converted to a motion for summary judgment. Rule 55.27(a); *Hyatt Corp. v. Occidental Fire & Casualty Co.*, 801 S.W.2d 382, 392 (Mo.App. W.D.1990). Both parties here submitted affidavits in support of their arguments relating to the motion to dismiss. The affidavits constitute evidence beyond the pleadings. Consequently, we review the trial court's order dismissing Count II as if it was a grant of summary judgment. Summary judgment review is *de novo*. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered, giving the non-moving party the benefit of all reasonable inferences from the record. *Id.*

Interpretation of a release or settlement agreement is governed by the same principles as any other contract. *Andes v. Albano*, 853 S.W.2d 936, 941 (Mo. banc 1993). "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). Where the parties have expressed their final agreement in writing and there is no ambiguity in the contract, the parol evidence rule requires that the court determine the intent of the parties *solely* from the "four corners" of the contract itself. *Poelker v. Jamison*, 4 S.W.3d 611, 613 (Mo.App. E.D. 1999).

The primary purpose of the parol evidence rule is to preserve the sanctity of written contracts. *Id.* "It is not a rule of evidence but a rule of substantive law. Nor is it a rule of interpretation; it *defines the subject matter of interpretation*." RESTATEMENT OF THE LAW (SECOND) CONTRACTS § 213 cmt. *a* (emphasis added). To deter-

---

1. While the parties used 'Guarantee' we prefer 'Guaranty' because it cannot be interpreted to refer to the party who is to benefit from the acts of the Guarantor.

mine whether the parol evidence rule applies we look first to the written document. "If it appears to be a complete agreement on its face, it is conclusively presumed to be a final as well as a complete agreement between the parties." *Poelker*, 4 S.W.3d at 613. The Memorandum of Settlement and Dismissal here appears to be an integrated agreement, representing the final expression of the parties understanding of the matters it addresses. It says plainly that it is "[i]n satisfaction and full settlement of Count II." Moreover, it says that the payments the McManmons made under the agreement are "pursuant to and *in full satisfaction* of the Guarantee." (emphasis added) There is no language in the agreement to counter the effect of these words, no reservation of rights or other indication that the McManmons continued as guarantors for MacImp.

In the absence of fraud, accident, mistake, or duress, the parol evidence rule prohibits the court from considering extrinsic evidence contradicting the terms of the agreement, unless the terms of the agreement are themselves ambiguous. *Poelker*, 4 S.W.3d at 613. Mid Rivers makes no allegations of fraud, accident, mistake, or duress. Hence, the only way in which the court may consider evidence outside the four corners of the document is if it finds the terms of the contract to be ambiguous.

Contract terms are ambiguous only if the language may be given more than one reasonable interpretation. *Parker v. Pulitzer Pub. Co.*, 882 S.W.2d 245, 249 (Mo.App. E.D.1994). Simply because parties disagree over the meaning of a contract does not mean that it is ambiguous. *Id.*

There is only one reasonable interpretation of the Memorandum language at issue in this case. The phrase "in full satisfaction of the Guarantee" cannot reasonably be interpreted to mean "in *partial* satisfaction of the Guaranty." The Memorandum, therefore, completely discharged the

McManmons obligations under the Guaranty. Point one is denied.

Because we find that the Memorandum fully released the McManmons' from their obligations under the Guaranty, we need not address Mid Rivers's second point.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., concurs.

WILLIAM H. CRANDALL Jr., J., concurs.