Michele EVELAND, Respondent,

v.

Jerry EVELAND, Appellant.

No. ED 83883.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 7, 2004.

Rehearing Denied Feb. 9, 2005.

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

Theresa C. Burke, St. Louis, MO, for respondent.

Theodore D. Dearing, Clayton, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

Jerry Eveland appeals the judgment denying his motion to modify the dissolution decree. We reverse and remand.

## I. BACKGROUND

Jerry Eveland ("Husband") and Michele Eveland ("Wife") separated and entered an agreement under which Husband agreed to pay Wife $800 a month upon his retirement:

> [Husband] shall pay to [Wife] $400 per month as and for child support for five years from the date of decree; thereafter he shall pay $400 per month as and for maintenance. The child support or maintenance obligation shall cease upon [Husband's] retirement or other severance of service from the St. Louis City Fire Department. Upon his retirement or other severance of service from the St. Louis City Fire Department, as settlement of [Wife's] marital interest in his pension, he will pay $800 per month as maintenance or cause to be paid from his retirement as a St. Louis City Fire Department employee $800 per month, either by consent or by QUADRO. He will execute all documents necessary to secure her right to continue to receive benefits after his death, either as widow or by Qualified Domestic Relations Order, from said St. Louis City Fire Department Retirement Fund.

The court entered a decree of legal separation, incorporating this agreement. Neither party appealed the separation decree.

On Husband's motion, the court converted the separation decree into one dissolving the marriage and ordered Husband to pay Wife $800 a month as maintenance in accordance with the separation agreement and the separation decree. The court also made the award of maintenance modifiable and incorporated the separation agreement to the extent its terms did not conflict with any other provisions in the dissolution decree. Neither party appealed the dissolution decree.

Husband moved to modify the dissolution decree under section 452.370 RSMo 2000,[1] arguing that the $800 monthly payment was maintenance that should be terminated due to a substantial change in circumstances. Wife contended that the payment was a final division of marital property and was not subject to modification. The trial court agreed with Wife, and Husband appeals.

## II. DISCUSSION

Because the court did not find the parties' separation agreement unconscionable and incorporated it into the separation decree, which was not appealed, the terms of the agreement are binding. *See Peaslee v. Peaslee*, 844 S.W.2d 569, 571 (Mo.App. E.D.1992); section 452.325.2. "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). Where the parties have expressed their final and complete agreement in writing and there is no ambiguity in the contract, the intent of the parties must be determined solely from the four corners of the contract itself. *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

253, 255 (Mo.App. E.D.2000). But if the terms of the separation agreement are ambiguous, then the court may refer to matters beyond the face of the document itself. *See Erwin v. City of Palmyra*, 119 S.W.3d 582, 585 (Mo.App. E.D.2003). An ambiguity arises when, from the four corners of the contract alone, it appears that "the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." *Chehval v. St. John's Mercy Medical Center*, 958 S.W.2d 36, 38 (Mo.App. E.D.1997); *Erwin*, 119 S.W.3d at 585. Whether a contract is ambiguous is a question of law that we determine without deference to the trial court's decision. *Board of Education City of St. Louis v. State*, 134 S.W.3d 689, 695 (Mo.App. E.D.2004).

 This separation agreement is ambiguous because it is reasonably susceptible of more than one meaning. On its face, the agreement refers to the $800 monthly payment both as maintenance and as a settlement of Wife's marital interest in Husband's pension, which could fairly be construed as a division of property. If the obligation is deemed to be maintenance, it is subject to modification under section 452.370. If deemed to be a division of property, it is not. *See* sections 452.330.5 and 452.360.2; *see also Ochoa v. Ochoa*, 71 S.W.3d 593, 595 (Mo. banc 2002). It is improper to classify the distribution of one spouse's interest in a civil service pension as maintenance. *In re Marriage of Burns*, 903 S.W.2d 648, 652 (Mo.App. E.D.1995). Nevertheless, as we concluded in *Peaslee*, even when an agreement improperly classifies distribution of a pension plan as maintenance, if that agreement is not found unconscionable and is incorporated into a decree that is not appealed, "the parties are bound by the terms of their agreement, as they intended to be." 844 S.W.2d at 571; *see also Booher v. Booher*,

125 S.W.3d 354, 357 (Mo.App. E.D.2004) (court should not "countenance the use of maintenance as an appropriate method to compensate a spouse for an interest in marital property" in absence of evidence the parties intended that improper result). Thus, the question remains: what did these parties intend? The parties' intent is a question of fact for the trial court to answer by reference to extrinsic evidence. *Board of Education*, 134 S.W.3d at 695; *see also Jackson v. Christian Salvesen Holdings, Inc.*, 978 S.W.2d 377, 383–84 (Mo.App. E.D.1998).

 Wife claims that the issuance of a qualified domestic relations order ("QDRO")—which is required by federal law in order to distribute pension funds to a spouse—evidences the parties' intent to treat the monthly payment as a division of property. This argument is unpersuasive because a QDRO is not required in order to divide and distribute a government retirement plan like Husband's civil service pension. *See In re Marriage of Burns*, 903 S.W.2d 648, 652 (Mo.App. E.D.1995) (citing 26 U.S.C. sections 401(a)(13), 401(a)(last sentence), 411(e)(1) and 414(d)). The fact that the parties provided for the possibility of transferring this monthly payment by way of a QDRO is not determinative of their intent.

 Husband argues that any ambiguity in this agreement must be construed against Wife because her lawyer drafted it. Ambiguities should only be construed against the drafter when other means of construction fail and the intent of the parties cannot be ascertained from other sources. *See State Farm Mutual Automobile Insurance Co. v. Esswein*, 43 S.W.3d 833, 842 (Mo.App. E.D.2000); *Aluminum Products Enterprises, Inc. v. Fuhrmann Tooling and Manufacturing Co.*, 758 S.W.2d 119, 124 (Mo.App. E.D. 1988). Here, the parties own testimony provides insight to their intent.

Husband testified that the $800 monthly payment was Wife's part of his monthly pension; but he also testified that he believed that it was for maintenance and did not anticipate that those payments would last forever. On the other hand, Wife testified that the $800 monthly payment was never intended to be maintenance and was, instead, a property settlement. There was also conflicting testimony about the meaning of handwritten notes Husband made during the parties' negotiations, which were given to Wife's lawyer before the agreement was drafted.[2] The ambiguity in this agreement cannot be resolved without resolving the conflicting testimony, and that requires an assessment of the parties' credibility. We defer to the trial court to make that determination, as it is in a better position than we are to do so. *See United Siding Supply, Inc. v. Residential Improvement Services, Inc.*, 854 S.W.2d 464, 469 (Mo.App. W.D. 1993). Since the trial court implicitly found no ambiguity and relied solely on the language of the agreement, as incorporated into the separation decree, it had no reason to resolve the ambiguity by reference to the parties' testimony. We remand so that the trier of fact can determine the parties' intent. *See, e.g., Board of Education*, 134 S.W.3d at 695 (finding ambiguity, reversing summary judgment and remanding to trial court).

## III. CONCLUSION

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

GEORGE W. DRAPER III, C.J., concurring.

LAWRENCE G. CRAHAN, J., dissenting.

2. Those handwritten notes appear to have been admitted into evidence at the hearing on

LAWRENCE G. CRAHAN, Judge, dissenting.

I respectfully dissent. Viewed in context, I do not find the separation agreement to be ambiguous. The agreement calls for an initial payment of $400 per month in child support and $400 per month in maintenance. These payments would cease upon Husband's retirement or severance of service from the St. Louis City Fire Department, when wife was to begin receiving her marital interest in Husband's pension, which amounted to $800 per month. Upon receipt of such funds, Wife's inability to fully provide for her needs would presumably cease and there would no longer be any need for maintenance.

Any other construction of the agreement would render it unconscionable. The agreement expressly provides that the $800 payment Wife was to receive from the St. Louis City Fire Department was "as settlement of [Wife's] marital interest in his pension." As the majority acknowledges, it is improper to classify the distribution of one spouse's interest in a civil service pension as maintenance. *In re Marriage of Burns*, 903 S.W.2d 648, 652 (Mo.App.1995). Although the decision in *Peaslee v. Peaslee*, 844 S.W.2d 569, 571 (Mo.App.1992), can be read to suggest that the court is bound by a misclassification of property division as maintenance if that was the parties' intent, this dicta was not essential to the court's ultimate holding. The court did not find that the pension benefits misclassified as maintenance were modifiable. The parties had agreed that child custody, visitation, support and *statutory* maintenance were modifiable. *Id.* at 570. The court ultimately held that modification of the pension benefits was expressly precluded by the terms of the separation agreement. *Id.* at 572.

Husband's motion to modify, but have not been filed with this Court.

Allowing the parties' misclassification of a marital interest in pension benefits as maintenance to render that interest modifiable would, as a matter of law, violate public policy and render the agreement unconscionable. It would violate public policy because neither the dissolution court nor this court would be able to evaluate the reasonableness of a division of marital property dependent upon future, unspecified events. Surrender of marital interests in property in exchange for less than a sum certain is unconscionable.

Although I would affirm the judgment, I note that nothing in the majority opinion compels a different result on remand. The error identified by the majority is the trial court's conclusion that the misclassified marital interest in Husband's pension was not modifiable as a matter of law. There is, however, ample evidence to support a finding that modification was also contrary to the parties' intent. Nothing in the majority opinion precludes such a finding on remand.

For the foregoing reasons, I would affirm the judgment.