randum has been provided to the parties. The judgment is affirmed. Rule 84.16(b).

Keith JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 74505.

Missouri Court of Appeals, Western District.

June 26, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2012.

Keith Johnson, Appellant Pro-se.

Morgan D. Ditch, for Respondent.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, MARK D. PFEIFFER, Judge and KAREN KING MITCHELL, Judge.

## ORDER

PER CURIAM:

Keith Johnson filed a petition for declaratory judgment seeking a declaration of the court that he was improperly found to be a persistent offender in Case No. 22021–1332 in the Circuit Court for the City of St. Louis. He appeals the summary judgment ruling that he had received the remedy he sought when the sentencing court entered a nunc pro tunc order correcting the finding that he was a persistent offender and, therefore, his petition was

moot as a matter of law. Because a published opinion would have no precedential value, a memorandum has been provided to the parties. The judgment is affirmed. Rule 84.16(b).

Elmer Fred KEIPP, Jr., Respondent,

v.

Rhonda Irene KEIPP, Appellant.

No. WD 74272.

Missouri Court of Appeals, Western District.

July 31, 2012.

Carl M. Edwards, for Respondent.

Paul A. Seigfreid, for Appellant.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

VICTOR C. HOWARD, Judge.

Appellant, Rhonda Gruer, formerly Rhonda Keipp ("Ms. Gruer"), appeals from the judgment of the trial court granting Mr. Elmer F. Keipp Jr.'s motion to quash garnishment regarding a Dissolution of Marriage Judgment. The judgment is affirmed.

## FACTS

In November 2008, after a marriage lasting twenty-three years, Mr. Keipp and Ms. Gruer entered into a Joint Separation Agreement (hereinafter "Agreement") drafted by Mr. Keipp's counsel. Thereafter, Mr. Keipp filed a Petition for Dissolution of Marriage (hereinafter "Petition") with the Agreement attached. Ms. Gruer was unrepresented during the drafting and signing of the agreement and throughout the dissolution proceeding.

The Agreement contained provisions dividing marital property and debt. Under the terms of the Agreement, Mr. Keipp received the marital home, valued at $122,000; a 2006 Chevrolet pickup truck, valued at $20,000; a parcel of real property in Columbia, Missouri, the value of which is not on the record; and a 2004 Harley Davidson motorcycle, valued at $13,000; as well as $8,000 credit card debt, $12,000 debt on the motorcycle, $3,500 or $34,000 debt[1] on the pickup truck, the $112,000 mortgage on the marital home, debt totaling $15,500 from two lines of credit, and a $45,000 mortgage on the Columbia, Missouri real property. The Agreement awarded Ms. Gruer with a 2000 Infinity automobile and purported to

award her legal rights to inheritance, gifts, etc. she acquired after the divorce, and then concluded with the following provision, the main point of contention in this appeal:

LONG TERM PAYMENT FROM PETITIONER TO RESPONDENT

1. Petitioner shall pay Respondent the sum of Twenty Thousand dollars over a period of NOT MORE THAN 10 years. No interest shall be charged on this amount, and no schedule of payments shall exist besides the 10 year aforementioned deadline. The 10 year deadline shall be commenced from the date of final judgment entered in the above captioned dissolution.

Also filed with the Petition was an affidavit executed by Ms. Gruer, stating that she read and understood the Petition and the Agreement and consented to the judgment being filed in accordance with those documents.

On January 26, 2009, an Order and Judgment for Dissolution of Marriage (hereinafter "Judgment") incorporating the Agreement was entered. Regarding property division, the Judgment read,

The parties entered into the marriage with separate personal property and are presently in physical possession of their separate marital property. Said property is set aside as the Parties [sic] sole property. Further, the Parties have filed a joint separation agreement which is attached to and made part of this Order. Such Property is divided between the Parties as set forth in said Agreement.

As to maintenance, the Judgment stated "No Party has made any claim for mainte-

---

1. The Agreement listed this debt as $3,500. The Statement of Property (hereinafter "the Statement"), filed with the Agreement and the Petition, listed this debt as $34,000.

nance and none is ordered." On February 19, 2009, the Judgment was modified to show that Ms. Gruer wished to change her name back to her maiden name.

On March 4, 2011, Ms. Gruer filed a Garnishment Application and Order for Mr. Keipp's account at Mizzou Credit Union. On May 3, 2011, she filed a Garnishment Application and Order for Mr. Keipp's wages at Dohrn Transfer Company in Sturgeon, Missouri, where Mr. Keipp was no longer employed. And on June 16, 2011, Ms. Gruer filed a Garnishment Application and Order for Mr. Keipp's wages at Holland Corporate in Holland, Michigan, his employer at that time.

On July 6, 2011, Mr. Keipp filed a motion to quash garnishment based on the Judgment and Agreement, stating the $20,000 was not due until ten years after the date of the Judgment, which would not come to pass until more than seven years later. A hearing was held on the motion to quash garnishment, and the trial court entered its judgment sustaining the motion. This appeal by Ms. Gruer followed.

## STANDARD OF REVIEW

Appellate review of a trial court's decision on a motion to quash requires that the judgment be affirmed unless there is not substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law. *Swyers v. Swyers*, 34 S.W.3d 848, 849 (Mo.App. E.D.2000) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Deference is given to the trial court's determination of credibility and the evidence and permissible inferences are viewed in the light most favorable to the decree. *Id.*

## DISCUSSION

Ms. Gruer raises two points on appeal. Because our analysis of her second point is dispositive of conclusions upon which the arguments of the first point are based, we address it first.

Ms. Gruer's second point on appeal argues that the trial court erred in granting Mr. Keipp's motion to quash garnishment because the Judgment, which incorporated the Agreement, is ambiguous and unconscionable, and therefore the $20,000 payment provision should be characterized as maintenance, so that the Judgment is subject to interpretation by the court and execution of the money judgment as maintenance is allowed. Mr. Keipp responds by arguing that the $20,000 payment provision is not a maintenance order, but part of an unambiguous and conscionable settlement contract that is to be performed according to its terms.

The interpretation of a marital settlement agreement is an issue of law, which is reviewed de novo. *Royalty v. Royalty*, 264 S.W.3d 679, 683 (Mo.App. W.D.2008). "Because the court did not find the parties' separation agreement unconscionable and incorporated it into the ... decree, which was not appealed, the terms of the agreement are binding." *Eveland v. Eveland*, 156 S.W.3d 366, 368 (Mo.App. E.D.2004) (internal citations omitted). The focus of contract interpretation is to ascertain the intention of the parties and to give effect to that intention by giving the words their plain and ordinary meaning as understood by a reasonable, average person. *Royalty*, 264 S.W.3d at 684. If the parties have reduced their final and complete agreement to writing and the contract is not ambiguous, the parties' intent "must be determined solely from the four corners of the contract itself." *Eveland*, 156 S.W.3d at 368 (citing *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo.App. E.D.2000)).

## Ambiguity

If the separation agreement contains terms which are ambiguous, however, "the court may refer to matters beyond the face of the document itself." *Id.* at 369. There is ambiguity present where, "from the four corners of the contract alone, it appears that the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." *Id.* (quoting *Chehval v. St. John's Mercy Med. Ctr.*, 958 S.W.2d 36, 38 (Mo. App. E.D.1997)). The ambiguity of a contract is a question of law, and therefore the appellate court makes its determination of ambiguity without deference to the trial court's decision. *Id.* (citing *Bd. of Educ. City of St. Louis v. State*, 134 S.W.3d 689, 695 (Mo.App. E.D.2004)).

Here, Ms. Gruer asserts the following provision to be ambiguous because it is missing essential contractual terms and does not characterize the $20,000 payment as maintenance or property distribution:

1. Petitioner shall pay Respondent the sum of Twenty Thousand dollars over a period of NOT MORE THAN 10 years. No interest shall be charged on this amount, and no schedule of payments shall exist besides the 10 year aforementioned deadline. The 10 year deadline shall be commenced from the date of final judgment entered in the above captioned dissolution.

The placement of the above provision in the Agreement is at the end, standing alone under the heading "LONG TERM PAYMENT FROM PETITIONER TO RESPONDENT." It follows three other lists under the headings "PROPERTY TO BE SOLELY OWNED AND POSSESSED BY PETITIONER," "PROPERTY TO BE SOLELY OWNED AND POSSESSED BY RESPONDENT," and "DEBTS TO BE ASSUMED BY PETITIONER." The meaning and content of these lists are not disputed. The lists and the provision in dispute constitute the entire written Agreement.

The terms of the provision in question are not susceptible of more than one meaning. Reasonable persons may not differ as to how long a period of "NOT MORE THAN 10 years" is. Reasonable persons may not fairly and honestly differ in their interpretation of when payment must take place when the Agreement states, "no schedule of payments shall exist besides the 10 year aforementioned deadline." Additionally, it must be noted that the separation agreement was incorporated into the Judgment and it is the Judgment that is the subject of the garnishment action. The Judgment, which was not appealed, included the finding that "No Party has made any claim for maintenance and none is ordered."

Despite the clarity of this provision as to terms of payment, Ms. Gruer argues the Agreement is ambiguous on its face as to terms of payment "of the maintenance" and that the court must therefore resort to extrinsic evidence for determination of the parties' intent. The plain and ordinary meaning of the language used indicates that the provision was intended to be part of the parties' division of marital property and debts. The provision clearly and unambiguously does not provide for maintenance. The only evidence on the record regarding maintenance is speculative testimony of Ms. Gruer, which is, of course, outside the Agreement. Because the Agreement is unambiguous on its face, such evidence is irrelevant to the construction of the Agreement.

## Conscionability

Ms. Gruer also asserts the motion to quash garnishment should not have been granted because the Agreement is

unconscionable for various reasons. However, Ms. Gruer did not appeal the finding of the court entering the Judgment incorporating the Agreement that such agreement was not unconscionable when it was entered. Rule 81.04(a).[2] Thus, under section 452.325.4(1)[3], the court was bound to enforce the terms of the Agreement and order the parties to perform in accordance therewith. The court did not err by fulfilling its obligation under section 452.325.4(1) to enforce the Judgment as entered by quashing the motion for garnishment, without reconsidering the issue of conscionability.

Because the Agreement is not ambiguous and the issue of conscionability was not proper for the trial court to reconsider, Ms. Gruer's second point on appeal is denied.

## How Statute Governs Execution of the Judgment

Ms. Gruer argues in her first point on appeal that the trial court erred in granting Mr. Keipp's motion to quash garnishment because section 513.020 states that "[e]xecutions may issue upon a judgment at any time within ten years after the rendition of such judgment." She further asserts that the "maintenance award" in the Agreement was due when the order was entered based upon section 454.520.4.[4]

As discussed above, however, the provision at issue here is not an award of maintenance, but an ordinary contractual provision to be enforced according to its terms, which specifically provides for no payment schedule and mandates only that the full $20,000 must be paid within the ten

year deadline described. As such, Ms. Gruer's argument is misplaced, in that it uses as its starting point the legal conclusion that the provision in the Agreement awarding her $20,000 is a maintenance provision. Because the provision is not maintenance, section 454.520.4 does not apply. Ms. Gruer is correct in stating that section 513.020 provides that "[e]xecutions may issue upon a judgment at any time within ten years after the rendition of such judgment," but here, the execution of the Judgment referred to in the statute consists of enforcement of the incorporated Agreement in accordance with its terms.

Ms. Gruer's argument and conclusion are based on speculated meaning not found within the four corners of the Agreement and are not in keeping with this Court's interpretation of the Agreement incorporated in the Judgment. Ms. Gruer's first point of appeal is without merit. The judgment is affirmed.

All concur.

---

2. All rule citations are to the Missouri Rules of Civil Procedure (2010), unless otherwise indicated.

3. All statutory citations are to RSMo Cum. Supp.2011, unless otherwise noted.

4. Section 454.520.4 governs interest computation for delinquent support or maintenance payments, and states, in part, "[i]f the order does not specify the date on which support or maintenance payments are to begin, it shall be assumed that the first installment was due on the date the order was entered[.]"